## THOMAS BURKE

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 26, 1893.*

1. ROBBERY—*what sufficient to show the offense.* On a charge of robbery, if it appears that the defendant made an assault on the person alleged to have been robbed, and against his will took from his person his money, goods or other valuable thing by force or intimidation, the offense of robbery will be shown.

2. SAME—*gist of the offense.* The gist of the offense of robbery is the force or intimidation, and the taking from the person, against his will, a thing of value belonging to the person assaulted.

3. SAME—*proof of the property taken.* In such case it is not material to accurately describe or prove the particular identity or value of the property taken from the prosecutor, further than to show it was the property of the person assaulted, or in his care and hands, and of value.

4. LARCENY—*verdict must show the value of property taken.* Where the jury find the defendant guilty of larceny, the statute makes it their duty to find the value of the property stolen, as such value is necessary to determine whether the taking constitutes grand or petit larceny.

5. Where an indictment is so drawn that one and the same count may so describe the offense of robbery and also the offense of larceny from the person, the defendant may be convicted of either offense, according as it may be shown by the evidence; and a description and value may be alleged and shown that would be necessary in a charge of larceny but which would be immaterial on a charge of robbery, and could be rejected as surplusage on that charge.

6. In such case, when, from the evidence, the force or intimidation, and taking from the person a thing of value, are shown, a conviction may be had without a finding of value specifically.

7. PRACTICE—*questions to witness by the court, and remarks on the testimony.* While a judge at a trial has a right to put questions to a witness with reference to the issue on trial, and a court of review will allow much latitude in that regard, yet comments on evidence, or creating evidence, or seeking to sustain a witness, by the trial judge, must be condemned.

8. ERROR—*will not always reverse.* Where the guilt of one tried for crime is clearly established, this court will not reverse a judgment of conviction for irregularities and errors, even if they would require a reversal if the defendant's guilt was doubtful.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

The plaintiff in error and one John Meaney were indicted by the grand jury of Cook county on the charge of robbery committed upon the person of one Andrew Schultz. The indictment charges that certain money and personal property, consisting of bank bills, treasury notes and one pocket-book, of the property of said Schultz, were taken from his person by force and intimidation. The bank bills and treasury notes and money are described as treasury notes and national bank bills of various denominations, and coins are described as of the various gold and silver coinage of the United States, and the various values of the treasury notes, national bank bills and different coins are alleged. The plaintiff in error was arraigned, tried and convicted, and a motion for new trial being entered and overruled, judgment was rendered on the verdict and sentence in accordance therewith. The defendant sued out this writ of error and brings the record before this court.

The evidence of Schultz shows the defendant entered his saloon on the evening when the offense is alleged to have been committed, and remained there about one hour, and Meaney, the co-defendant, was with him, and the two were engaged in conversation and drank several times. One of them presented a bank bill to Schultz to have changed, and he took his pocket-book from his inside vest pocket and took money therefrom and made the change, and then replaced the pocket-book, his vest remaining unbuttoned. This occurred about eleven o'clock at night, and at about that time a horse hitched to a buggy was driven near to the front of the saloon and the driver called for a glass of beer, which was taken to him by Schultz. At that time Mrs. Schultz was behind the bar, in conversation with Burke, who was in front of it. Between the door and bar was a screen, and between the

screen and door was a cigar stand. When Schultz went to the buggy with the beer, Meaney followed him, and after drinking the beer the driver asked for a cigar, which Schultz procured and handed him, and then returned to his saloon, but was met between the door and screen by Burke, who threw one arm around him and took the pocket-book from his pocket, it containing $345 in currency and a check for $11.25. Meaney and Burke then sprang into the buggy and the horse was rapidly driven away. Schultz called to the men as they were going away, and also said to his wife that his money was taken. Schultz, on cross-examination, said he did not know whether the money in his pocket-book was treasury notes or greenbacks, but stated that it was in bills of different denominations, mostly twenty dollar bills. The fact of Burke and Meaney being in the saloon, the driving up of the horse hitched to a buggy, Burke getting into the buggy, the rapid driving away, and three men occupants of the buggy as the horse was driven away, is testified to by a witness, who, a few minutes before the robbery, left the saloon and took a seat near the entrance. About three o'clock the next morning Burke was arrested and $150.40 found on his person, which was taken from him by the policeman making the arrest, who delivered it to the captain of police of his district, by whom it was shown to Schultz, who identified one of the bills—a twenty dollar bill.

Mrs. Schultz was called as a witness, and testified to many of the facts testified to by her husband, and in response to the question as to the time that elapsed from the time Burke went away until her husband called to her that his money was taken, answered, "Three minutes." She was then asked if she understood the question and answer, and replied she did. Thereupon the presiding judge engaged in the following colloquy with the witness:

The judge: "Do you know how long three minutes is?" The witness answered, "I think I do." The judge: "Well,

we will see if you do." (Taking out his watch.) "Now, when I get ready for you to commence I will say 'now,' and then you commence and tell me when three minutes are past." To this experiment and question by the judge the defendant, by his counsel, objected, but the objection was overruled and the defendant excepted.

The judge, to witness: "You may commence and tell me when three minutes are up—now!" The judge, after a pause: "Do you understand that you are to tell me when the three minutes are up?" to which the witness answered, "Yes, sir." To this the defendant, by his counsel, objected, and the objection was overruled and the defendant excepted.

After a pause the witness said, "Now, I think," when the judge replied, "That was not three minutes—that was just three-quarters of one minute." To which remark of the judge the defendant objected, and the objection was overruled and the defendant excepted.

Frank Martin testified that his wife and himself went riding in a buggy the evening of the robbery; that he left Burke near the saloon of Schultz; that about eleven o'clock he returned, with his wife in the buggy with him, and stopped in front of the saloon and Burke came out and was followed by a man, who bade him good night and shook hands with him, and then Burke got into the buggy and the horse was then driven away. To the same effect is the testimony of Julia Martin. There was no effort to show where any money was obtained by Burke, and no explanation of the possession of this money.

Of the errors assigned but two are presented and relied on in argument by counsel for plaintiff in error: First, that the prosecution failed to prove that anything specifically described in the indictment was taken from Schultz, as alleged; and second, that the questions, experiment and remarks of the judge during the examination of Mrs. Schultz constituted error.

Mr. C. W. DWIGHT, for the plaintiff in error.

Mr. M. T. MOLONEY, Attorney General, for the People.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The indictment in this case charges the defendant with the crime of robbery, and sufficiently charges that offense. As drawn, it also, by the description and allegation of value of property alleged to have been feloniously stolen, taken and carried away from the person of Schultz, constitutes it a good indictment charging larceny from the person. On a charge of robbery, if it appears that one makes an assault on another, and against the will of the one assaulted takes from his person his money, goods or other valuable thing by force or intimidation, the offense is shown. The *gist* of the offense is the force or intimidation, and the taking from the person, against his will, a thing of value belonging to the person assaulted. In such case it is not material or necessary to accurately describe or prove the particular identity or value of the property taken from the person, further than to show it was the property of the person assaulted, or in his care, and had a value. In a verdict finding a defendant guilty of robbery, there is no finding as to the value of the property taken. But where an indictment charges larceny, and the jury finds a defendant guilty, under the statute of this State it then becomes the duty of the jury to also find the value of the property stolen, as the determination of whether grand or petit larceny has been committed is dependent on the value of the property so found. As an indictment may be so drawn that one and the same count may so describe the offense of robbery that it would sufficiently charge that offense, it may also contain allegations to sufficiently charge the offense of larceny from the person, and under that count a defendant may be convicted of either robbery or larceny, accordingly as it may be shown by the evidence; and a description and value may be

alleged and shown that would be necessary in a charge of larceny that would be immaterial in a charge of robbery, and could be rejected as surplusage on that charge. And where, from the evidence, the force or intimidation, and taking from the person a thing of value, are shown, a conviction may be had without a finding of value specifically. The evidence in this case discloses the fact that the defendant, Burke, made an assault on Schultz, and used force to take from his person, against his will, his pocket-book containing his money, and this is sufficient to constitute the offense.

The error assigned that the prosecution failed to prove the specific property described in the indictment was taken, is not sustained.

Whilst a judge presiding at a trial has a right to put questions to a witness with reference to the issue on trial, and a court of review will allow much latitude, yet comments on evidence, or creating evidence, or seeking to sustain a witness, by the trial judge, must be condemned, and the action of the trial judge, as shown by this record, would, in a case at all doubtful or close on the facts, require a reversal. The evidence, however, is so conclusive, and the circumstances surrounding the commission of the offense so clearly point to the defendant as the guilty person, that we can not doubt his guilt, and the error of the judge in that regard was not such that a new trial should be granted.

No other questions are raised on argument, and it is conceded by counsel for plaintiff in error that none other exist.

The judgment is affirmed.

*Judgment affirmed.*