### ALBERT HALL

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 14, 1898.*

1. CRIMINAL LAW—*robbery, and larceny from the person, distinguished.* The gist of robbery, as distinguished from larceny from the person, consists in the force or intimidation used in taking from the person assaulted, against his will, an article of value.

2. SAME—*degree of force necessary to constitute the crime of robbery.* The degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will.

3. SAME—*what evidence not sufficient to sustain conviction for robbery.* Evidence that the accused unbuttoned the vest of the prosecuting witness and took his pocket-book from the inside pocket, and that the prosecuting witness was drunk and did not realize what the accused was doing, and that he made no resistance, is not sufficient to sustain a conviction for robbery.

4. SAME—*doubts should be resolved in favor of accused.* Where, under the facts, it is doubtful whether the accused is guilty of robbery, or larceny from the person, it is the duty of the court and the jury to resolve that doubt in favor of the lesser offense.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. G. W. THOMPSON, Judge, presiding.

C. C. CRAIG, C. D. HENDRYX, and ARMOR MORELAND, for plaintiff in error.

E. C. AKIN, Attorney General, and EUGENE W. WELCH, State's Attorney, (D. C. HAGLE, and C. A. HILL, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff in error, Hall, was convicted in the court below of the crime of robbery. Hubbell, the prosecuting witness, was the only witness to the alleged forcible taking of the pocket-book and money from his person.

The evidence tended to show that on May 4, 1897, Hubbell went to Galesburg to attend a meeting of the Grand Army, and during the day patronized a number of saloons and became intoxicated. Hubbell did not know where he first met Hall, but the evidence tended to prove that it was after·night-fall. Hubbell was in a saloon and inquired of one Stewart if he knew any one there from Galva, and Stewart then called up Hall, who had just come in, because, as he said, he knew he was from Galva. Hubbell treated to beer. The parties left the saloon, and Hubbell and Hall, after walking the streets for awhile, Hubbell being in a drunken condition and holding on to Hall, met a negro woman, and the three went into the yard of a school building. Hubbell testified that the last thing he remembered was that he was sitting on the ground against the building and that Hall tore open his vest, which was buttoned, and took out his pocket-book, which was in his inside vest pocket, and which had some money in it,—he did not know how much,—and a railroad ticket; that he, Hubbell, made no resistance; that he did not say very much about it,—did not realize what Hall was doing at the time; that he did not remember whether a woman was with him in the school yard or not; that he did not remember the places he had visited, but remembered coming to Galesburg and visiting the saloons and being with Hall in the evening. Creen, a deputy sheriff, testified that he saw Hubbell and Hall together between 9 and 9:30 o'clock in the evening, on the street; that he saw them stop and talk and meet a negro woman and a negro man, and heard Hall ask Hubbell how much money he had; that he did not hear Hubbell's reply, but heard Hall say, "You're all right, old man; come along;" that the negro man soon left them, and Hubbell, Hall and the woman went to the school yard; that witness went to the jail, and when he returned Hubbell was sitting down, with his back to the building, and Hall and the woman were coming away; that they passed witness at the corner of

the school house, and he soon after arrested them.  Hubbell's pocket-book was found on Hall, and it contained $1.57 and a railroad ticket worth twenty-nine cents.  Hall did not claim that the pocket-book belonged to him, but that Hubbell had given it to him to keep while he was with the woman; but the jury evidently found from the evidence that he took it with the felonious intent of appropriating it to his own use, and the only question we think it necessary to consider is, whether, even conceding that the evidence shows that the taking was felonious, it is sufficient to sustain the conviction for robbery.

Section 246 of the Criminal Code defines robbery as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation."  The statute also provides that "private stealing from the person of another * * * shall be deemed larceny." (Crim. Code, sec. 167.)  On a charge of robbery, if it appears that one makes an assault on another, and against the will of the one assaulted takes from his person his money, goods or other valuable thing by force or intimidation, the offense is shown.  As distinguished from larceny from the person, the gist of the offense is the force or intimidation, and the taking from the person, against his will, a thing of value belonging to the person assaulted.  (*Burke* v. *People*, 148 Ill. 70.)  The only difference between private stealing from the person of another, and robbery, lies in the force or intimidation used.  In regard to the force or violence with which the goods were taken, the principle is this: that the power of the owner to retain the possession of his goods was overcome by the robber, either by actual violence physically applied, or by putting him in such fear as to overpower his will, as, if a thing be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury, or if it be obtained by a violent struggle with the possessor; but where it appeared that the article was taken without

any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand of the wearer,—rather by sleight of hand and adroitness than by open violence, and without any struggle on his part,—it is merely larceny from the person. (3 Greenleaf on Evidence, sec. 229.) It may be different if the article is so attached to the person or clothing as to create resistance, and violence is used to overcome it. (Moore on Crim. Law, p. 439, sec. 449; 1 Russell on Crimes, 874, *et seq.;* 21 Am. & Eng. Ency. of Law, 418; 2 Bishop on New Crim. Law, secs. 1166, 1167.) When the force used is to prevent the resistance of or to overpower the person robbed, there such force makes the offense robbery. If one should rifle the pockets of a sleeping or an unconscious person, even to the unbuttoning of clothes and turning out of pockets, such offense would not be robbery. *Brennon* v. *State,* 25 Ind. 403.

*Klein* v. *People,* 113 Ill. 596, was different from the case at bar. In that case, Klein, with the evident intent of robbery, secured a lady's hand-bag by grabbing it and jerking it from her arm, where it was hanging, breaking the fastening and bruising her arm. In the case at bar there was no such force used, in kind or degree. Nor is it claimed there was any intimidation of Hubbell or putting him in fear; and upon the question of the alleged violent and forcible taking the evidence really amounts to no more than this: that Hall unbuttoned Hubbell's vest, possibly by pulling at it, and took the pocket-book from his inside vest pocket. Hubbell did not know what he was doing at the time, and made no resistance. We are disposed to agree with the views of counsel for plaintiff in error that the evidence showed no more force than the mere physical effort of taking the pocket-book from Hubbell's person and transferring it to Hall. If that is robbery, then no practical distinction between that crime and larceny from the person exists. The two crimes approach each other so closely that cases may arise where it

may be doubtful upon which side of the line they should fall. Still, it is the duty of courts, as well as of juries, to resolve such doubts in favor of the accused.

We are of the opinion that the evidence was not sufficient to authorize a conviction for robbery. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*