THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN RYAN, Plaintiff in Error.

*Opinion filed April 23, 1909.*

1. ROBBERY—*the degree of force necessary to constitute robbery.* The degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied or putting him in such fear as to overcome his will.

2. SAME—*the distinction between robbery and larceny from the person.* If a thing of value be feloniously taken from the person of another with such force as to occasion a substantial corporal injury or if it be obtained by a violent struggle with the possessor the offense is robbery, but if it be taken without any sensible or material violence to the person and without any struggle for its possession the offense is larceny from the person.

3. SAME—*what does not constitute an assault with intent to rob.* An attempt to remove a stud from a person's necktie by stealth and adroitness, after putting a newspaper under his chin when he was on the platform of a crowded car, does not constitute an assault with intent to rob, where the person making the attempt ran away as soon as his hand was released by the owner of the stud, and where there was no violence to the person of such owner nor any struggle either to obtain the stud or retain it.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

JOHN F. TYRRELL, and ROBERT CROWE, (LOUIS GREENBERG, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (B. H. TAYLOR, and JOHN T. FLEMING, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The grand jury returned into the criminal court of Cook county an indictment against John Ryan, plaintiff in error, consisting of a single count, and charging him with an assault upon William H. Oliver with intent to commit the crime of robbery. On the trial William H. Oliver testified that on January 20, 1908, at five o'clock P. M., he was standing on the rear platform of a Cottage Grove avenue car in Chicago going south; that when the car reached VanBuren street the platform was crowded with people and he was being pushed and crowded when someone put a newspaper under his chin; that the next thing he felt was a tug on his necktie, which contained a stud of the value of $600; that he grabbed the hand that was on the necktie and it was the hand of the defendant; that he made an outcry and let the defendant's hand go and the defendant ran to the front entrance of the car, and that at no time did he feel he was in danger nor was any force used

against him. The other testimony for the People was, that when the defendant ran to the front entrance of the car it was stopped at his request by the motorman and he got off, but he was followed by the motorman and a city fireman to a corner of the street, where they arrested him and turned him over to a police officer. The jury returned a verdict finding the defendant guilty of assault with intent to commit robbery in manner and form as charged in the indictment, and the court sentenced the defendant to the penitentiary.

Section 246 of division 1 of the Criminal Code defines robbery as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation," and section 20 of said division gives this definition of an assault: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Robbery is distinguished from larceny from the person by the force or intimidation used in taking an article of value from the person assaulted. To sustain the charge of the indictment it was necessary to prove that the defendant made an assault on William H. Oliver with intent, by force or intimidation, to take from the person of Oliver moneys, goods or other valuable thing against his will. The degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied or putting him in such fear as to overcome his will. If a thing of value be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury or if it be obtained by a violent struggle with the possessor it is robbery, but if the article is taken without any sensible or material violence to the person and without any struggle for its possession it is merely larceny from the person. (*Burke* v. *People,* 148 Ill. 70; *Hall* v. *People,* 171 id. 540; 3 Greenleaf on Evidence, sec. 229.) If the taking

is by actual violence causing a substantial injury to the person, such as grabbing a hand-bag from a lady's arm with such force that the arm is bruised and lame for several days, it will be robbery. (*Klein* v. *People,* 113 Ill. 596.) It is robbery to force an earring from the ear with such violence as to injure the ear, or to pull out a portion of the hair in snatching a hair ornament from the head, or if there is a breaking of a silk cord around the owner's neck or a watch chain, but if there is no resistance by the owner or injury to his person, and the taking is without force or violence, it does not amount to robbery. (2 Bishop's New Crim. Law, sec. 1166; 24 Am. & Eng. Ency. of Law,—2d ed.—996; *Spencer* v. *State,* 106 Ga. 692.) In the case of *People* v. *Campbell,* 234 Ill. 391, it was said that the difference between stealing from the person of another and robbery lies in the force or intimidation used, and it was considered that the force employed and the struggle for the possession of the stud made the crime robbery. The evidence in this case only tended to prove an attempt to remove the stud from the necktie by stealth and adroitness, by means of the newspaper placed under the chin and by detaching the stud in some way. There was no injury to the person of the owner and no violence or struggle either to obtain the stud or to retain it. There was no intent to remove it by force, and when detected the defendant immediately ran away. The pushing and crowding were the ordinary methods of pick-pockets and the act of the defendant was that of a sneak thief. While the evidence for the People was sufficient to show an assault with intent to steal the stud from the person of Oliver, it did not show any intent to take it by force or intimidation. The evidence did not justify the finding that there was any intent to obtain the stud by violence, which would constitute robbery.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*