(No. 21205.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL RUSK, Plaintiff in Error.

*Opinion filed April 23, 1932.*

Wм. Scott Stewart, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Grenville Beardsley, of counsel,) for the People.

Mr. Justice Dunn delivered the opinion of the court:

Carl Rusk was sentenced to the reformatory at Pontiac by the criminal court of Cook county on his plea of guilty of grand larceny and has sued out a writ of error. He was indicted for robbery while armed with a pistol, jointly with Emmett McCotter and Kenneth McCotter, in a single count. Having first pleaded not guilty, at the June term, 1926, he was allowed to withdraw his plea and on motion of the State's attorney it was ordered that "the gun count be and the same is hereby waived." Thereupon he pleaded guilty to "robbery without a gun in manner as charged," and, being fully advised by the court of the effect of such plea, still persisted therein, whereupon the court ordered the plea to be accepted and entered of record. The court then heard the testimony of witnesses, and, being fully advised in the premises, found the defendant "guilty of robbery without a gun in manner and form as charged in the indictment," and that the value of the property stolen was $900, and thereupon sentenced him to the reformatory for from three to twenty years. Later in the same term this sentence was vacated upon motion of the defendant, he was

allowed to withdraw his plea of guilty of robbery without a gun, and upon motion of the State's attorney it was ordered that the robbery count in the indictment be "waived." The defendant then pleaded guilty of grand larceny "in manner and form as charged." The record contains no statement that the defendant was advised as to the effect of the plea by the court, but continues, after stating the plea: "And the court hearing the testimony of witnesses heretofore entered herein, and being fully advised in the premises, doth find the said defendants, McCotter and Rusk, guilty of grand larceny in manner and form as charged in the indictment." Rusk was thereupon sentenced to imprisonment· in the reformatory at Pontiac for from one to ten years.

It has been held in a case in all respects similar to this that "the waiver of the gun count" was not equivalent to a *nolle prosequi* of the count but was equivalent to the entry of a *nolle prosequi* as to that part of the count in question which was simply matter in aggravation of the charge of robbery. (*People* v. *Cohen,* 307 Ill. 87.) Applying the same doctrine to the waiver of the robbery count without entering a *nolle prosequi* of the count must be held to be equivalent to the entry of a *nolle prosequi* as to the charge of robbery, leaving the count to stand as to any other crime included within its allegations. The part of the count which was not thus waived charged that McCotter and Rusk on May 5, 1926, did upon one Dan Delich, Sr., feloniously and violently make an assault and $3000 in certain described currency, and one key of the value of twenty-five cents and one automobile of the value of $17, of the money, personal goods and property of the said Dan Delich, Sr., from the person of the said Dan Delich, Sr., then and there feloniously did steal, take and carry away, contrary to the statute and against the peace and dignity of the people of Illinois.

The plaintiff in error argues that the gist of robbery is the force and intimidation used, the description, ownership and value of the property not being material, (*Burke* v.

*People,* 148 Ill. 70; *People* v. *Knox,* 302 id. 471;) while in a charge of larceny the description, ownership and value of the property taken are material, and therefore, after the charge of robbery was eliminated, no other charge was left. In *Burke* v. *People, supra,* it is said that an indictment may be so drawn as to charge sufficiently both robbery and larceny in a single count, under which a defendant may be convicted of either offense, according as it may be shown by the evidence; and description and value may be alleged and shown, which would be necessary in a charge of larceny but would be immaterial in a charge of robbery and could be rejected as surplusage on that charge. In *People* v. *Boer,* 262 Ill. 152, the court quoted the statement from Russell on Crimes, (vol. 3, 6th ed. 430,) that "on a charge of robbery, where the property was not taken from the person by violence or by putting in fear, the prisoner may be found guilty of the simple larceny, only."

This judgment must be reversed, nevertheless, because the record does not show that the court explained to the plaintiff in error the consequences of his plea of guilty to the charge of grand larceny. The record shows that when the plea of guilty to the charge of robbery was entered the court explained the consequences of that plea and afterwards accepted the plea and sentenced the plaintiff in error. Subsequently the sentence was vacated, the plea withdrawn and the State's attorney waived the robbery charge. The defendant's relation to the case was then the same as if he had never entered a plea. The sentence followed without explanation of the consequences of the plea. The record containing no reference to any explanation to the defendant of the consequences of his plea of guilty was insufficient to sustain the judgment. *People* v. *Petrie,* 294 Ill. 366; *Krolage* v. *People,* 224 id. 456.

In the brief of the Attorney General it is argued that "it must be presumed that when the court on June 28, 1926, 'fully advised' the defendant of the effect of his plea

of guilty to the charge of robbery without a gun the court informed the defendant of the consequences of a plea of guilty to grand larceny, since the court on the plea of guilty of robbery could have found the defendant guilty of grand larceny and sentenced him for the last mentioned crime. It may be fairly and reasonably implied from this record that the defendant fully understood the consequences. of the plea of guilty to grand larceny, for two days after the entry of the plea of guilty to robbery without a gun the defendant was again before the court seeking to withdraw his plea of guilty to plain robbery and to interpose in lieu thereof a plea of guilty to grand larceny." It certainly would be an innovation if a defendant on a plea of guilty of one crime could be found guilty of another. No presumption that the defendant understood the consequences of his plea of guilty can be indulged, even though, upon his pleading guilty to another crime at another time, the consequences of his plea of guilty of such other crime was fully explained to him. The statute peremptorily requires that a plea of guilty shall not be entered until the court shall have fully explained to the accused the consequences of entering the plea, and while it is not required that the language of the judge in making the explanation be set out in the record, it must show, as the statute requires, that the effect or consequence of entering the plea of guilty was fully explained by the court to the defendant. It is a strict requirement of the statute that in each conviction of a crime upon a plea of guilty the record must show that before the entry of the plea the court fully explained its consequences to the defendant.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*