People of the State of Illinois, Plaintiff-Appellee, v. Richard S. Matthews, Defendant-Appellant.

Gen. No. 69–117.

Second District.

May 7, 1970.

Edwin L. Douglas, Public Defender, of Wheaton, and Kevin P. Connelly, Assistant Public Defender, for appellant.

William V. Hopf, State's Attorney, of Wheaton, and A. E. Botti, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant, Richard S. Matthews, and a codefendant were found guilty of the crime of Attempt Theft in an amount less than $150, and Possession of Burglary Tools.

This defendant appeals, urging that the indictment charging Possession of Burglary Tools fails to allege the requisite mental state, and also that the mechanic's type tools in question do not fall within the category of burglary tools as intended by the legislature.

The indictment charged:

". . . that on or about the 19th day of September, A. D., 1968, at and within DuPage County, Illinois, (KENNETH R. TUCKER and) RICHARD S. MATTHEWS committed the offense of POSSESSION OF BURGLARY TOOLS in that they had in their possession with intent to enter into a motor vehicle of Celozzi-Ettleson Chevrolet, Inc., an Illinois corporation, located at 15 W 600 Roosevelt Road, Elmhurst, Du Page County, Illinois, and to commit therein a theft, tools suitable for use in breaking into said motor vehicle, in violation of Illinois Revised Statutes 1967, Chapter 38, Section 19–2, . . . ."

The relevant statute (Ill Rev Stats 1967, c 38, § 19–2) provides:

"19–2. Possession of Burglary Tools.) Whoever possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law, . . . railroad car, or any depository designed for the safekeeping of property, or any part thereof, with intent to enter any such place and with intent to commit therein a felony or theft shall be imprisoned in the penitentiary from one to 2 years."

267

Defendant concedes that the wrenches, tire jack, screwdrivers, and assorted mechanic's tools found at the scene and possessed by defendant are suitable to break into a car, and that it is immaterial that they were also designed and adapted for lawful uses. See The People v. Taylor, 410 Ill 469, 473, 474, 102 NE2d 529 (1951); and The People v. Faginkrantz, 21 Ill2d 75, 79, 171 NE2d 5 (1960).

Defendant argues, however, that where tools which are designed and adapted for lawful uses are involved, the intent to use them to effect a "breaking in" must be alleged and proved. Conversely, he argues that the possession of tools suitable for the commission of a burglary, is not the gravamen of the offense when the intent is to effect a simple theft, or as he characterizes it, "a non-breaking entry."

Knowledge or intent need not be alleged in an indictment charging a crime of possession, even though such knowledge or intent is an essential element in the chain of proof of the crime charged, when the indictment in substance is in the language of a statute which prohibits the unauthorized possession. See The People v. Mills, 40 Ill2d 4, 11, 237 NE2d 697 (1968); followed in The People v. Bussie, 41 Ill2d 323, 325, 243 NE2d 196 (1968); and see People ex rel. Miller v. Pate, 42 Ill2d 283, 285, 246 NE2d 225 (1969).

Defendant urges that Mills is a case which adopts decisions of other states interpreting the Uniform Narcotics Act and is a departure from Illinois law as defined in the Criminal Code (citing Ill Rev Stats 1965, c 38, § 111–3), and should be confined particularly to narcotics cases. Neither the reasoning in Mills or Bussie, supra, indicate any such limited application, however. And we note that in Miller v. Pate, supra, the Mills decision has been cited with approval in a nonnarcotics case, confirming that the tests respecting the sufficiency

of an indictment are uniform, whether it would enable a defendant to prepare his defense and whether it would sustain the plea of judgment in bar of any further prosecution for the same offense. The indictment here passes these tests.

Defendant suggests that People v. Billingsley, 67 Ill App2d 292, 213 NE2d 765 (1966) and People v. Greene, 92 Ill App2d 201, 235 NE2d 295 (1968), support his position in this case. In our view, they do not. In Billingsley, the charge was in the language of the statute defining Deceptive Practices, which statute did not include the essential element of an intent thereby to defraud, and the trial proceeded with no effort to prove that essential element. In Greene, supra, this opinion was followed in a similar situation.

The defendant also contends that the tools commonly referred to as "mechanic's tools" were not proved to be possessed as burglary tools used with intent to facilitate a breaking (although agreeing that an actual breaking is no longer an essential element of burglary), since no entry into the motor vehicle was necessary to remove a transmission.

Our view of the record belies this contention since it clearly shows the general intention of the defendant to commit a burglary. Defendant was apprehended in an automobile dealer's car lot at approximately 12:06 in the morning; he was observed to have wrenches in his hands, and wrenches, screwdrivers, and assorted mechanic's tools were found scattered at the scene and in the open trunk of a nearby car used to convey defendant to the scene. His hands, face and clothing contained grease and dirt. The codefendant was viewed coming from beneath the dealer's vehicle with a jack handle in his hand. The hood of that vehicle was raised, its transmission was loosened and was hanging down from its

269

housing and partially on the ground. The bolts connecting the drive shaft to the transmission had been removed.

■■ To sustain a conviction under the statute (Ill Rev Stats 1967, c 38, § 19–2), it must be proved that the tools are adapted and designed for breaking and entering, that the defendant possessed them with knowledge of their character, and that he intended to use them for breaking and entering. The People v. Faginkrantz, supra, at page 79. The proof need not be of intention to break and enter a particular place or vehicle, but may be proof of general intent to commit a burglary of some place or vehicle as designated in the statute, which intention may be shown by circumstantial evidence of criminality. The People v. Taylor, supra, at page 475; The People v. Taranto, 2 Ill2d 476, 482, 119 NE2d 221 (1954).

■ The cited cases interpreted an antecedent statute and did not deal with possession of tools suitable for use in breaking into a motor vehicle. The enlargement of the definition of places to include motor vehicles in the present statute does not change the nature of the offense, although it may lead to special problems of interpretation. We consider that the amended statute retains the basic proscription against possession of tools suitable for use in the unlawful breaking and entering of some type of enclosed structure or place.

■ Under the circumstances in this record, we find that the possession of tools suitable for use in breaking into a motor vehicle with intention to commit a theft was sufficiently proved.

■ It is not necessary that the tools be intended for use in opening doors, windows, trunk lids, hoods or similar entrances to effect entry into a motor vehicle. The intention to break and enter into an integral portion of a motor vehicle's mechanism—here the transmission—is equated in our view with a breaking and entering into a

motor vehicle. And we consider the possession of tools suitable for that purpose and use with intention to effect such unlawful entry as the possession of burglary tools within the meaning and purpose of the relevant statute. We are not ruling, under the circumstances of this case, on the kind of hypothetical situation posed by defendant's counsel to illustrate the limits of consequences characterized as absurd, such as the use of a tool to pry off a hub cap of a vehicle which effects unauthorized entry into a nonenclosed portion of a motor vehicle.

In defendant's reply brief, and for the first time, defendant challenges the count of the indictment charging Attempt (theft), on the grounds that while it charged defendant with intending to deprive the owners of the benefit of the property, it failed to allege the intention of depriving the owners *permanently*. No authorities in support of defendant's position are cited in the reply brief; and the State offered no authorities in opposition in oral argument, merely commenting that the omission of the word "permanently" to characterize the allegation of the required intent was "de minimus."

■ The crime of Attempt (Ill Rev Stats 1967, c 38, § 8-4(a)) requires the intent to commit a specific offense and a substantial step in that direction. See People v. Martin, 62 Ill App2d 97, 102, 210 NE2d 587 (1965).

■■ Ill Rev Stats 1967, c 38, § 16–1 requires that the particular act and the requisite mental state must coincide to constitute the offense of theft. (See also Committee Comments.) In each of the described mental states the word *deprive* is qualified with the word *permanently*. *"Permanently deprive"* is defined in chapter 38, supra, section 15–3, and clearly cannot be included within the definition of the term *"deprive."*

■■ An indictment which fails to allege the requisite mental state or to describe acts which indicate such mental state is fatally defective. See People v. Hayn,

271

■

116 Ill App2d 241, 245, 253 NE2d 575 (1969) ; People v. Slaughter, 67 Ill App2d 314, 214 NE2d 20 (1966) (Abst).

The judgment below based on the charge of "Attempt" is therefore reversed. The judgment based on the charge of "Possession of Burglary Tools" is affirmed.

Affirmed in part and reversed in part.

ABRAHAMSON and MORAN, JJ., concur.