THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDIE LEE HOWELL et al., Defendants—(JERRY LOCKETT et al., Defendants-Apellants.)

(No. 11555;

Fourth District—May 24, 1973.

John F. McNichols, of Defender Project, of Springfield, and John O. Vogel, of Glen Ellyn, (Bruce L. Herr and Paul David Kelley, of counsel,) for appellants.

Richard A. Hollis, State's Attorney, of Springfield, (Gerald Lanter, Assistant State's Attorney, and David Dorris, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Lockett and McDonald, together with one Howell, were charged with armed robbery. Lockett appeals his conviction upon a negotiated plea of guilty to theft of over $150 and a sentence of one to six years. McDonald appeals a conviction upon his plea of guilty to armed robbery and a sentence of two to twelve years.

■■ Lockett contends that the court erred in accepting his plea of guilty to the offense of theft over $150. It is asserted that since there was no indictment upon the theft charge, the court had no jurisdiction to convict upon the negotiated plea, and further that the theft over $150 is not a lesser included offense to armed robbery.

The record shows that following the guilty pleas of McDonald and Howell, Lockett's counsel advised the court that defendant had negotiated a plea with the State's Attorney to such offense of theft and a sentence of one to six years. No challenge is made to either the careful admonition by the trial court upon the making of the plea, or the sufficiency of the factual basis thereof.

It appears that at the time the court was advised of the plea negotiation, counsel spoke in terms of amending the indictment on its face by consent or stipulation. Such was not done. It is clear that the court proceeded upon the premise that the theft would be a lesser included offense to armed robbery.

■■■ Lockett misapprehends the issue of the court's jurisdiction. An indictment is void when it is insufficient to give the court jurisdiction of the subject matter. (*People v. Reed*, 33 Ill.2d 535, 213 N.E.2d 278.) The

rule is that a plea of guilty cannot confer jurisdiction upon the court if the indictment fails to allege a violation of public law. (*People v. Fore*, 384 Ill. 455, 51 N.E.2d 548), or if there is a total failure to charge a criminal offense. (*People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53.) Here, there is no contention that there was a failure to charge a criminal offense, *i.e.*, the armed robbery of a named person on a stated date. The indictment alleged acts and doings of these defendants which did charge a criminal offense. We note that in the cases cited by defendant, the jurisdiction of the court failed because the indictment was insufficient to allege any criminal offense. *People v. Fore, supra, People v. Edge*, 406 Ill. 490, 94 N.E.2d 359, and *People v. Harris*, 394 Ill. 325, 68 N.E.2d 728.

Lockett asserts that theft over $150 is not a lesser included offense in a charge of armed robbery. It appears obvious that within the language of Ill. Rev. Stat. 1969, ch. 38, par. 16—1, armed robbery includes the knowing obtaining of an unauthorized control of the property of another, and involves obtaining control of property by threat. (*People v. Henderson*, 72 Ill.App.2d 89, 218 N.E.2d 795.) It is contended that such statute requires the element of intent to use the property to deprive the owner permanently of such, and that such element of intent is not necessary or required to be proved in armed robbery.

■■ It has consistently been the authority in this State that where robbery is charged, there may be a conviction of theft where the evidence shows the property was not taken by violence or intimidation. (*People v. Rusk*, 348 Ill. 218, 180 N.E. 863.) The use of force or intimidation is the difference between theft and robbery. (*People v. Ryan*, 239 Ill. 410, 88 N.E. 170, *People v. Boer*, 262 Ill. 152, 104 N.E. 162.) We note that these opinions related to statutes wherein larceny was held to be a specific intent crime as distinguished from robbery, and that the present Criminal Code does not essentially alter the elements of the two offenses. Black's Law Dictionary notes that robbery is a violent taking of property:

> "[U]nder such circumstances that in the absence of violence or threats, the act committed would be theft."

In *People v. Ferrara*, 111 Ill.App.2d 472, 250 N.E.2d 530, defendant was charged with theft under $150 and further charged with a prior conviction for robbery under the statutory provisions for enhanced penalty. It was there argued that robbery was not "theft" under the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 16—1. The court described robbery as an aggravated form of theft.

If defendant argues that armed robbery involves a less culpable mental state than that in theft over $150, we are not persuaded. In paraphrase of the language of the court in *People v. King*, 34 Ill.2d 199, 215 N.E.2d

223, which held that possession of narcotics was a lesser included offense in a charge of sale, we know of no case of armed robbery where there was an absence of intent to deprive the owner permanently.

Locket relies upon *People v. Tolentino,* 68 Ill.App.2d 480, 216 N.E.2d 191, wherein defendant was charged with robbery but upon a bench trial was convicted of theft. *Tolentino* contended that the conviction was inconsistent with the indictment, but the court noted that theft was a lesser included offense to robbery, and that the offenses were distinguished by the "presence or absence of force or intimidation". The court concluded that the *Tolentino* indictment in particular contained averments sufficient to charge both the offense of theft and of robbery in a single count. (See also *People v. Maioni,* 355 Ill. 370, 189 N.E. 276.) Such determination, however, does not require the conclusion that theft may not be a lesser included offense in an indictment for robbery, and such conclusion does not, in effect, overrule cases in the Illinois Supreme Court.

■■ Lockett has filed a supplemental brief asserting that he was but 17 years of age on the date of the offense, December 18, 1970, and that the cause must be reversed upon the authority of *People v. Ellis,* 10 Ill. App.3d 216, 293 N.E.2d 189. *Ellis* holds that the Juvenile Court Act. (Ill. Rev. Stat. 1971, ch. 37, par. 702—2) is unconstitutional where the offense occurred after July 1, 1971, the effective date of the Constitution of 1970, and before the effective date of the Code of Corrections on January 1, 1973. The offense of Lockett does not come within the determination made in *Ellis.*

■■ Lockett points out, and the prosecution agrees, that the written order of judgment and sentence contained in the record inadvertently recites that the defendant was adjudged guilty of the offense of armed robbery, and that the cause should be remanded to the trial court to vacate such judgment and to enter judgment upon the plea received by the court.

McDonald urges that it was an abuse of discretion on the part of the trial court to deny his petition for probation after conviction of armed robbery. After hearing, the trial court noted that the armed acts created a substantial possibility of death or serious injury, that wire and tape were carried to the scene of the robbery to bind and gag the victims indicating a planned foray, and that a 17 year old boy was employed to scout the scene. Evidence in behalf of defendant discloses that despite some technical training, he had quit regular employment for occasional jobs as a musician, and for some time had contributed but little for the support of his family. We can find nothing in the record supporting a conclusion that the trial court abused its discretion. (*People v. Gomez,* 29 Ill.2d 432, 194 N.E.2d 299, and *People v. Cummings,* 125 Ill.App.2d 458,

261 N.E.2d 33), but on the contrary, it appears that the court did make an effective judicial determination. *People v. McAndrew*, 96 Ill.App.2d 441, 239 N.E.2d 314.

McDonald also argues that the sentence is excessive and appears to urge that the sentence should be reduced to a term of two to three years. It is apparent that such a sentence does not provide any factor of indeterminancy. It is noted that under the Code of Corrections now in effect. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—2), armed robbery is a Class I felony and that the minimum term for such offense is four years. (See ch. 38, par. 1005—8—1(c)(2).) Defendant cites *People v. Umphers*, 133 Ill.App.2d 853, 272 N.E.2d 278, and *People v. Bowlin*, 133 Ill.App.2d 837, 272 N.E.2d 282. Such cases relate to sentence reductions for burglary and have little persuasive value upon the violent offense of armed robbery.

The conviction of McDonald is affirmed. The conviction of Lockett is affirmed, but the cause is remanded to the trial court with directions to vacate the judgment of conviction for armed robbery and to enter a judgment order upon the plea of guilty to theft over $150 which provides credit for time served.

Convictions affirmed, cause remanded with directions.

SMITH, P. J., and SIMKINS, J., concur.