THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDDIE YANDERS, Defendant-Appellant.

(No. 12683; )

Fourth District—October 7, 1975.

SIMKINS, P. J., dissenting.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Freddie Yanders was charged by indictment in the Circuit Court of Macon County with the offense of robbery. He waived trial by jury and was tried by the court. During closing argument, counsel for defendant stated that although defendant might be guilty of the offense of theft of property not exceeding $150 in value, he was not guilty of robbery. The day after the closing arguments, defendant's counsel asked that the court find the defendant guilty of theft. The court then found the defendant guilty of theft of property not exceeding $150 in value and sentenced him to imprisonment for 1 year. Defendant appeals.

The indictment was in a single count and stated that on November 15, 1973, defendant:

> "* * * committed the offense of ROBBERY, in violation of Chapter 38, Section 18—1, Ill. Rev. Stat., 1971, in that he knowingly, without authority, took property, to wit: an indeterminate amount of United States currency from the person or presence of Robert Hord by the use of force or by threatening the imminent use of force."

Defendant's sole contention on appeal is that the indictment was insufficient to charge him with the offense of theft because theft is not an included offense of robbery. The defendant recognizes that this court, in *People v. Howell*, 11 Ill.App.3d 391, 296 N.E.2d 760, held that theft is an included offense to a charge of robbery but asks that we overrule that decision.

In addition to asking that we stand by our decision in *Howell*, the State contends that the defendant cannot claim error in the conviction because the court's ruling was invited by the suggestion of his counsel that the court find defendant guilty of theft. The insufficiency of the indictment to charge the defendant with the offense of which he is convicted may be raised on appeal, however, even from a plea of guilty. (*People v. Temple*, 2 Ill.2d 266, 118 N.E.2d 271.) Since there is no question of the sufficiency of the indictment to charge robbery, the appeal squarely raises the question as to whether theft is an included offense of a charge of robbery.

An included offense is defined as an offense which:

> "(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or
>
> (b) Consists of an attempt to commit the offense charged or an offense included therein." (Ill. Rev. Stat. 1973, ch. 38, par. 2—9.)

"A person commits theft when he knowingly," in ways set forth to be improper, obtains control over property of the owner if he:

> "(1) Intends to deprive the owner permanently of the use or benefit of the property; or
>
> (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
>
> (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit." (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.)

This court ruled in *People v. Smith*, 7 Ill.App.3d 350, 287 N.E.2d 509, that a charge which does not alleged intent to permanently deprive the person from whom it is taken of the property is insufficient to charge theft. Similar holdings have been made in *People v. Haynes*, 132 Ill.App. 2d 1031, 270 N.E.2d 63, and *People v. Matthews*, 122 Ill.App.2d 264, 258 N.E.2d 378. Because of the specific intent to permanently deprive, that is a requisite of the offense, theft is known as a specific intent crime.

"A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent

use of force." (Ill. Rev. Stat. 1973, ch. 38, par. 18—1.) This court noted in *Howell* that it knew of no case involving armed robbery where the intent to deprive the owner permanently was not present. This would be more likely to occur in a case involving the lesser offense of robbery, but we know of no case directly in point. In *People v. Hawkins*, 14 Ill.App.3d 549, 551, 302 N.E.2d 128, 130, where the question arose as to whether intoxication might be a defense in a case of a felony murder involving an armed robbery, this court stated that the defendant's argument ignored "the law that intent is not an element of armed robbery." In *People v. Johnson*, 343 Ill. 273, 175 N.E. 394, and *People v. Charleston*, 115 Ill.App. 2d 190, 253 N.E.2d 91, robbery has also been held not to be a specific intent crime. A ruling that intent to permanently deprive is an essential element of robbery would be inconsistent with these holdings.

In addition to *Howell*, *People v. Tolentino*, 68 Ill.App.2d 480, 216 N.E.2d 191, and *People v. Ferrara*, 111 Ill.App.2d 472, 250 N.E.2d 530, have also held that theft is an included offense of robbery. These cases rely heavily on the precedent of *People v. Rusk*, 348 Ill. 218, 180 N.E. 863, *People v. Ryan*, 239 Ill. 410, 88 N.E. 170, *People v. Boer*, 262 Ill. 152, 104 N.E. 162, and *Hall v. People*, 171 Ill. 540, 49 N.E. 495, and *Burke v. People*, 148 Ill. 70, 35 N.E. 376, both cited in *People v. Ryan*. All of these Supreme Court cases were decided prior to the enactment of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, pars. 1—1 to 42—2). During that time, robbery was defined as "the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation" (Ill. Rev. Stat. 1927, ch. 38, par. 501). The offense that is now theft was called larceny and was defined as "the felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another." Ill. Rev. Stat. 1925, ch. 38, par. 387.

*Hall v. People*, *People v. Ryan* and *People v. Boer* all contain dictum that when the element of force or coercion is lacking in a robbery charge, the offense involved is theft. In *Burke v. People*, in affirming a robbery conviction, the court held that proof that items specifically described in the indictment were taken was not necessary to support the conviction because such allegations were unnecessary for a proper robbery indictment. The court noted that the indictment stated that the defendant had "feloniously stolen, taken and carried away" (*Burke v. People*, 148 Ill. at 74, 35 N.E. at 376) property of the victim and thus charged larceny as well as robbery. In *People v. Rusk* the defendant pleaded guilty to larceny on a robbery indictment drafted in the same manner as in *Burke*. The question was raised as to whether the plea to larceny might be taken on a robbery indictment because the description, value and ownership of the property taken were material in larceny but not in robbery. The

opinion stated that *Burke* had held that an indictment "may be so drawn as to charge sufficiently both robbery and larceny." (348 Ill. at 221, 180 N.E. at 864.) The court stated that this may be done when allegations such as those referring to description, value, and ownership are treated as "surplusage" as far as the robbery charge is concerned. Although reversing the trial court because the defendant had not been properly admonished, the Supreme Court ruled that the plea to larceny could stand on the robbery indictment since its surplusage set forth elements of larceny. The essence of the holding in *Burke* and *Rusk* is that although neither offense may be an included offense of the others, an indictment may be drawn with sufficient surplusage to include both offenses.

None of the cited Supreme Court cases discussed the question of the element of intent to permanently deprive being involved in theft or larceny and not in robbery. Defendant contends that such intent was an element of robbery prior to the Criminal Code of 1961 but no longer is. The comments of the drafting committee appearing in Smith-Hurd Illinois Annotated Statutes, chapter 38, paragraph 18—1, indicate that the committee intended to "codify" the law of robbery and to make no change. Similar comments of the drafting committee appearing in Smith-Hurd Illinois Annotated Statutes, chapter 38, paragraph 16—1, indicate that the intent element of theft was considered to be the traditional one of intending to permanently deprive. The difference that has taken place since the cited Supreme Court decisions, the most recent of which was made over 40 years ago, is in the manner of drafting robbery indictments. In *Burke* and *Rusk* the robbery indictments charged that the accused had "feloniously stolen" the property. The indictments did, therefore, state a charge of larceny under the language of the then existing statute although the element of stealing was surplusage as far as the robbery charge was concerned. In the case under consideration the indictment had no surplusage that would include all the elements of theft.

In *Howell* the opinion noted that Black's Law Dictionary states that robbery is the taking of property "under such circumstances that, in the absence of violence or threats, the act committed would be a theft." The Fourth Edition of Black's Law Dictionary states at page 1492, however, that the intent to steal is an element of the offense of robbery. Such intent is not an element of the offense of robbery in this State, so the dictionary definition is not applicable to the determination here.

We realize that the facts of this case fully support a finding of guilty of theft and that the trial judge proceeded upon what appeared to be the available precedent. Nevertheless, we cannot see how the offense of theft, an element of which is the actor's specific intent to permanently deprive the victim of property, can logically be held to be included in the

offense of robbery where no such specific intent is required. Here, the indictment did not charge the defendant with the intent to permanently deprive the victim of the property taken, and we, therefore, reverse. Any holding in *People v. Howell* which is contrary to this decision is hereby overruled.

Reversed.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE SIMKINS, dissenting:

I dissent. The evidence presented to the trial court was as follows: Robert Hord testified he was working at a service station on the night in question. At 9:40 p.m., a light blue 1962 Oldsmobile with a cracked windshield pulled into the station. Defendant was the driver. Defendant ordered some gasoline and went into the station with Hord. Defendant requested Pall Mall cigarettes, and as Hord rang up the sale defendant stated "I want to take your money * * * if you call the police I'm going to come back and kill you—take the money and kill you later." Defendant then took the money and went out the door. Defendant had no gun or other type of weapon. About $100 was taken. Defendant appeared to be drunk but made no threats when he took the money from the cash register.

Defendant was arrested shortly after the incident, he had in his possession a package of Pall Mall cigarettes and $115 in cash.

The definition of an included offense is contained in the statute set forth in the majority opinion. In pertinent part it provides that an included offense is established by proof of the same or less than all the *facts* required to establish the commission of the offense charged. Here the trial judge specifically found that the State had not established that the money was taken by defendant by use of force or threatened use of force, an essential element of the crime of robbery. However the facts proven here, being less than those necessary to establish the crime of robbery, are clearly sufficient to establish the crime of theft and thus conform to the statutory definition of an included offense. I see no prejudice to any basic right of the defendant in this view. The subject of the charged robbery is the money which was the subject of the theft. I see no problem of double jeopardy. I am not persuaded that there is any legal barrier to applying the statute in terms of its plain language.

I would affirm.