(No. 51010.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RAY PATTON, Appellee.

*Opinion filed May 18, 1979.*

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Donald B. Mackay, Melbourne A. Noel, Jr., and Sandra L. Devine,

Assistant Attorneys General, of Chicago, and James E. Hinterlong and John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostenelli and Frank W. Ralph, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Verdicts of guilty were returned against defendant, Ray Patton, on both counts of an indictment charging robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—1) and theft from the person (Ill. Rev. Stat. 1975, ch. 38, par. 16—1) arising out of a single incident of "purse snatching." The trial court did not enter judgment on the theft verdict, but entered judgment on the verdict of robbery and sentenced the defendant to a term of 1 year to 6 years. On the defendant's appeal the appellate court, with one justice dissenting, reversed the judgment and remanded the cause to the circuit court of Peoria County with directions to enter a judgment of conviction for the less serious offense of theft from the person. (60 Ill. App. 3d 456.) We granted the People's petition for leave to appeal. 65 Ill. 2d R. 315.

On June 27, 1976, Rita Alexander, her husband and their four young children were hurrying along a sidewalk toward a church in Peoria Heights, so as not to be late for a 5:30 p.m. service. A few other persons in the immediate vicinity were likewise walking swiftly toward the church entrance. Mrs. Alexander was carrying her purse "[i]n the fingertips of my left hand down at my side." She noticed the defendant cross the street in front of the Alexanders and thought that perhaps he too was going to the service. Instead, the defendant changed direction and walked toward the Alexander family. As he came abreast of Mrs. Alexander, he "swift[ly] grab[bed]" her purse, throwing her arm back "a little bit," she said, and fled. She testified

that the purse was gone before she realized what had happened. Once she overcame her momentary shock, Mrs. Alexander screamed and Mr. Alexander unsuccessfully chased the defendant. He was subsequently apprehended through the tracing of a license plate number on an automobile which witnesses had observed him enter. There was no other evidence offered bearing on the questions of use of force, threat of the imminent use of force, and resistance by or injury to Mrs. Alexander.

The question we consider is whether the simple taking or "snatching" of a purse from the fingertips of its unsuspecting possessor in itself constitutes a sufficient use of force, or threat of the imminent use of force, to warrant a conviction of robbery. (See Ill. Rev. Stat. 1975, ch. 38, par. 18—1.) It is the People's contention that any amount of physical force whatsoever, employed to overcome the force exerted by the person to maintain control over the object in hand, is sufficient to bring the act of taking within the robbery statute. Robbery is a Class 2 felony. (Ill. Rev. Stat. 1975, ch. 38, par. 18—1(b).) The defendant contends that his behavior, without more, amounted only to theft from the person, which is a Class 3 felony, a lesser offense (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e)(3)).

Our statute defines robbery:

> "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1975, ch. 38, par. 18—1.)

Thus, if no force or threat of imminent force is used in the taking, there is no robbery, although the act may constitute a theft. (See Ill. Rev. Stat. 1975, ch. 38, par. 16—1.) Mrs. Alexander did not realize what was happening until after the defendant had begun his flight, and it is clear there was no robbery through the "threatening [of] the imminent use of force." The People maintain that the defendant's act of grabbing was a "use of

force" such as is contemplated by the robbery statute, and that no minimum amount of force need be shown to constitute robbery under the statute.

In most jurisdictions where the question has been considered it has been held that a simple snatching or sudden taking of property from the person of another does not of itself involve sufficient force to constitute robbery, though the act may be robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking. (Annot., 42 A.L.R.3d 1381, 1383-88 (1972); 2 Anderson, Wharton's Criminal Law and Procedure sec. 561 (1957); W. LaFave & A. Scott, Criminal Law 696-97 (1972).) This view is of long standing. In 1839, the (English) Fourth Report of the Commissioners on Criminal Law, lxviii, stated that there was not sufficient "violence" in the "snatching or taking of property unawares from the person without some actual injury to the person" to constitute robbery; but the "stealing is by violence whensoever it is effected by doing any the least injury to the person, or whensoever the act of taking is accompanied by any degree of force employed to overcome resistance to such taking." (Michael & Wechsler, Criminal Law and Its Administration 383, n.2 (1940).) Thus, in the English case of *King v. Lapier* (1784), 1 Leach (3d ed.) 321, 168 Eng. Rep. 263, there was sufficient violence where a lady's ear was "torn entirely through" in an endeavor by the prisoner to snatch her earring. And in *Rex v. Mason* (1820), Russ. & Ry. 420, 168 Eng. Rep. 876, enough "actual force" existed where the prisoner jerked and broke a steel watch chain around the victim's neck. The decisions in this jurisdiction considering the question of force in the taking of property have corresponded with the above statements.

To illustrate, in *Hall v. People* (1898), 171 Ill. 540, this court held it was not robbery where the defendant

unbuttoned his inebriated drinking companion's vest, "possibly by pulling at it, and took the pocket-book from his inside vest pocket." (171 Ill. 540, 543.) In distinguishing between private stealing from the person of another and robbery, the court said that "where it appeared that the article was taken without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand of the wearer,—rather by sleight of hand and adroitness than by open violence, and without any struggle on his part,—it is merely larceny from the person." (171 Ill. 540, 542-43.) The court further observed that if the facts of the case were held to constitute robbery, "then no practical distinction between that crime and larceny from the person exists. The two crimes approach each other so closely that cases may arise where it may be doubtful upon which side of the line they should fall. Still, it is the duty of courts, as well as of juries, to resolve such doubts in favor of the accused." 171 Ill. 540, 543-44.

The court in *Klein v. People* (1885), 113 Ill. 596, affirmed a conviction of robbery where the evidence established that the defendant was one of two men who grabbed a handbag "with such force," the prosecuting witness testified, "that it bruised my arm, and it was lame for several days." 113 Ill. 596, 600.

Robbery convictions were affirmed in *People v. Campbell* (1908), 234 Ill. 391, where the defendants had scuffled with their victim over possession of a diamond stud fastened in his shirt front. The court stated: "In the absence of active opposition, if the article is so attached to the person or clothes as to create resistance, however slight, or if there be a struggle to keep it, the taking is robbery." 234 Ill. 391, 393.

One year later in *People v. Ryan* (1909), 239 Ill. 410, this court reversed a conviction for assault with intent to commit robbery. The defendant there by "stealth and

adroitness" had placed a newspaper under the chin of his intended victim while tugging on his diamond tie stud. The victim grabbed the defendant's hand, and the defendant fled. It was said: "If the taking is by actual violence causing a substantial injury to the person, such as grabbing a hand-bag from a lady's arm with such force that the arm is bruised and lame for several days, it will be robbery." (239 Ill. 410, 412-13.) Because there was no injury to the victim, no violence or struggle, and no intent to obtain or retain the stud by force, the evidence was held to be sufficient only to show an assault with intent to steal from the person.

In *People v. Jones* (1919), 290 Ill. 603, the evidence was held insufficient to support a robbery conviction where the defendant had stealthily removed a pocket-book from his intoxicated victim's pocket and transferred it to his own. When the victim, who had observed the transfer, said, "You have my pocket-book," the defendant "hit him over the eye and 'knocked him out.' " (290 Ill. 603, 605.) The court concluded there was no evidence of a struggle to retain possession, but only an accusation after the theft occurred "which the plaintiff in error resented by assaulting the accuser." His actions were therefore "those of a pick-pocket and not of a highwayman." 290 Ill. 603, 606.

Robbery convictions of defendants who had grabbed a pocketbook from the hand of their victim were reversed in *People v. O'Connor* (1923), 310 Ill. 403, for lack of evidence that force or intimidation was used. Although some testimony of violence and threats by the defendants was offered at trial by the complaining witness, the court concluded it appeared to be the "vague remembrance of impressions received while strongly under the influence of alcoholic liquor." (310 Ill. 403, 407.) And in *People v. Chambliss* (1966), 69 Ill. App. 2d 459, the court sustained a robbery conviction where the necessary force was held to have occurred during the course of a struggle for posses-

sion of a wallet immediately after the victim's pocket had been picked.

We consider that our cases show that where an article is taken, as it was put in *Hall v. People* (1898), 171 Ill. 540, 542-43, "without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand" the offense will be held to be theft from the person rather than robbery.

There has been no action by the legislature evincing an intention to change the law as to the nature and elements of robbery. To the contrary the legislative design, it has been said, has been to leave the nature of the crime unchanged. The committee comments to section 18—1 state: "This section codifies the law in Illinois on robbery and retains the same penalty. No change is intended. *** [T]he taking by force or threat of force is the gist of the offense ***." Ill. Ann. Stat., ch. 38, par. 18—1, Committee Comments, at 213 (Smith-Hurd 1970).

We have noted that Mrs. Alexander testified her arm was thrown back "a little bit," but "[w]here it is doubtful under the facts whether the accused is guilty of robbery or larceny from the person, it is the duty of the court and the jury to resolve that doubt in favor of the lesser offense." (*People v. Williams* (1961), 23 Ill. 2d 295, 301.) For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*