**UNITED STATES of America ex rel. Larry RICHARDSON, Petitioner-Appellant,**

v.

**Joseph C. VITEK, Warden, Illinois State Penitentiary, Pontiac, Illinois, Respondent-Appellee.**

**No. 16418.**

United States Court of Appeals Seventh Circuit.

May 21, 1968.

Rehearing Denied June 21, 1968

Howard T. Savage, Sydney E. Foster, Ronald M. DeHaan, Chicago, Ill., for appellant.

William G. Clark, Robert F. Nix, Chicago, Ill., John J. O'Toole, Asst. Attys. Gen., of counsel, for appellee.

Before MAJOR, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

The district court for the Southern District of Illinois dismissed, without a hearing, appellant Larry Richardson's petition for habeas corpus, and he has appealed. We affirm.

Richardson was arrested at his home in the early morning of August 14, 1961, in connection with the investigation of the robbing and fatal beating of a man on a Chicago street shortly after midnight on August 12. Richardson was then fifteen years old and in the eighth grade. After a trial in the Cook County Criminal Court, he and four others were convicted of the murder. Richardson was sentenced to twenty-five years imprisonment and is eligible for parole in November, 1969.

In his petition Richardson asserts that his rights under the due process clause of the Fourteenth Amendment were violated at his trial by the admission into evidence of in-custody statements which he had "involuntarily" made to the police.

The following facts are alleged to support Richardson's claim that his admissions were involuntary: Richardson was in custody without arraignment for thirty-four hours before the statements were given. He was not advised of his right to counsel or his right to remain silent. His whereabouts were not communicated to his family after he was arrested in their presence. He was questioned by police from the time of his arrest at 2:30 a. m. August 14 until 7:30 a. m. with no opportunity of sleep. He was questioned again starting at 2:00 p. m. until 7:30 p. m. when the statements were made to an assistant state's attorney. He signed the statement at 12:30 p. m. August 15 without reading it.

At Richardson's trial in the state court he was represented by the public defender who made a motion to suppress the statements because of involuntari-ness. This motion was denied after a factual hearing. Richardson appealed and challenged the voluntariness of the statements in the Illinois Supreme Court. The trial court's determination that the statements were voluntary was affirmed. People v. Richardson, 32 Ill.2d 472, 207 N.E.2d 478. The United States Supreme Court denied a petition for certiorari. 384 U.S. 1021, 86 S.Ct. 1935, 16 L.Ed.2d 1023.

Richardson's brief here states that the question before the district court on the petition for habeas corpus and this court on appeal is "precisely the same" as that presented to the Illinois courts. He also states that the question has been presented to each court in a "substantially similar manner" with reliance on "essentially the same evidence."

The district court in dismissing the habeas corpus petition without a hearing carefully adhered to the standards for consideration of habeas corpus petitions outlined in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and the revised provisions of 28 U.S.C. Sec. 2254. The court found that the merits of the issue upon the confession had been resolved in the state court hearing by an adequate procedure; that the material facts were adequately developed in a full, fair and adequate hearing from which relevant findings, supported by the record, were made; and that the Richardson petition alleged no substantial newly discovered evidence.

The district court after examining the state record found that Richardson had not requested counsel before giving the statement, had been advised of his right to remain silent, was able to inform his parents of his whereabouts, was not denied opportunity to sleep or subjected to long or extensive periods of questioning, and that the statement he signed was read to him before he signed it and was freely given.

The court concluded, "after a careful examination" and independent study of the entire record, that the "files and records clearly show" that Richardson is not imprisoned in violation of the

"Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and was not denied due process. In reaching its conclusions the court properly disregarded the rules established in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.[1]

The district court reached its conclusions on the same record which the Illinois Supreme Court had previously considered. The Illinois Supreme Court had interpreted the record in substantially the same way as the district court, stating that Richardson was arrested in the presence of his father, so that his father knew his son was in police custody; that Richardson's sister was told he would be at the Fillmore Station; that the boys were questioned for a "short period of time" after the arrest, were fed and permitted to watch television at the Audy Detention Home, and were given an opportunity to sleep before Richardson's statement was taken; and that Richardson testified that he was treated well and was promised nothing. The Illinois Supreme Court also found that Richardson was not subjected to lengthy or extensive questioning periods. It stated Richardson was not represented by counsel while in custody, but stated he did not request counsel. The court noted also that an officer testified that the boys were advised of their right to remain silent.

Both the Illinois Supreme Court and the district court carefully read the transcript of the hearing on the motion to suppress, as well as the testimony at the trial, and found that Richardson had not been denied due process.[2] We also have read the transcript and trial testimony. We agree with the district court's finding that the facts as found by the Supreme Court and its appraisal of credibility questions have ample support in the record.

■ The only circumstances which the record reveals that arguably tend to support a finding of involuntariness are that Richardson was fifteen years old and had no attorney when he was questioned by an assistant state's attorney to whom he made an incriminatory statement. These circumstances in themselves do not render the statement involuntary as a matter of law and consequently there was no constitutional obstacle to its admission.

The facts before us fall far short of those in Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325, where the totality of circumstances showed a fourteen year old boy was held for five days, his mother was denied permission to see him and that he was cut off from contact with counsel. The Court thought Gallegos's case was similar to Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224. Undisputed evidence showed Haley was questioned for about five hours, starting shortly after midnight, in relays, for shifts lasting one or two hours, by police officers, until he confessed about 5:00 a. m. A retained lawyer was twice denied permission to see Haley, and his mother was denied permission to see him. The facts in *Haley* and in Richardson's case are far apart. Neither *Gallegos* nor *Haley* is persuasive here. It should be noted that the Court in *Gallegos* stopped short of holding that a statement taken from the defendant after twenty-four hours of custody was involuntary and instead rested its reversal solely upon the admission into evidence of Gallegos's second statement, which was made after five days of custody.

---

1. *Escobedo* reaches only cases where trial began *after* June 22, 1964 and *Miranda* only those cases where trial began *after* June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882. Richardson's trial began January 21, 1961.

2. Justice Schaefer, noting Richardson's age and education, thought that he was entitled to counsel when the assistant state's attorney stepped in for questions and answers. He cited *Escobedo*. But his dissent was written before the limitation set in Johnson v. State of New Jersey.

In Illinois, the youthfulness of the defendant does not render a confession, otherwise voluntary, inadmissible as involuntary, People v. Connolly, 33 Ill. 2d 128, 210 N.E.2d 523. The case of Sparks v. State of Indiana, Ind., 229 N.E.2d 642, has no application. And we have no supervisory power over state prosecutions which would exclude the Richardson statement under the doctrine of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. Nor does the fact that Richardson was not taken before a magistrate before giving his statement support a proper claim under federal habeas corpus. 28 U.S.C. § 2241(c) (3).

The district court did not err in deciding against Richardson's claim that under the "totality of circumstances" rule the statement admitted at the trial was involuntary and its admission a violation of Richardson's Fifth and Fourteenth Amendment rights.

Affirmed.