**UNITED STATES of America ex rel. Samuel J. PRIEST, Petitioner,**

v.

**Raymond W. ANDERSON, Warden, New Castle Correctional Institution, Respondent.**

**No. 104.**

United States District Court
D. Delaware.

Oct. 8, 1969.

---

Leonard S. Togman, Potter, Anderson & Corroon, Wilmingon, Del., for petitioner.

John G. Mulford, Deputy Atty. Gen., State of Delaware, for respondent.

## OPINION

LAYTON, District Judge.

On January 29, 1963, the petitioner, Samuel J. Priest, was arrested at approximately 3:30 A.M. on a charge of automobile theft. He was taken to the police station and booked; the House Sergeant set bail at $500. Unable to meet the bail set, he was retained in police custody. At 9:00 A.M., instead of bringing him before the Municipal Court for a preliminary hearing pursuant to Rule 5 of the Delaware Code of Criminal Procedure, the police began to interrogate the petitioner. During the course of these interrogations, which continued intermittently throughout the morning and afternoon, the police questioned him about a robbery of a taxicab driver. At approximately 3:00 P.M., the petitioner made an oral statement admitting he had committed this robbery. Following this statement, he was rearrested on the robbery charges at 5:00 P.M., and bail was set at $2,500 for this offense. The next morning at 9:00 A.M., the petitioner was brought into Municipal Court for a preliminary hearing [1] on the robbery charges. At the time, "[a]fter advising Priest of his constitutional rights, the Municipal Court continued the preliminary hearing until February 8 to give Priest opportunity to obtain counsel." and "[t]hereupon, the Municipal Court left Priest in police custody upon the bail set by the House Sergeant." [2] Following further interrogation by the police, petitioner made a signed statement around noon on January 30, 1963, concerning the robbery with which he was charged. Then the petitioner was transferred to the New Castle Correctional Institution under a "Holding Order" signed by the House Sergeant under which physical custody was transferred to that Department while legal custody was retained by the police. Under this arrangement the petitioner could have been recalled to be interrogated by the police at any time without any judicial proceedings. He remained in such cus-

1. Throughout this case, confusion was generated by the term to be applied to the first meeting with the Municipal Court under Rule 5. Although the Supreme Court of Delaware calls it a preliminary hearing, a more proper term would be a preliminary examination because the preliminary hearing is actually the pro- ceeding described in 5(c) and not what occurs under 5(a) and (b). See Goldsmith v. United States, 107 U.S.App.D.C. 305, 277 F.2d 335 n. 2a at 338, 339 (1960).

2. Priest v. State, 227 A.2d 576, 577 (Del. 1967).

tody until February 8 when he was *again* returned to the Municipal Court where a hearing was held on the robbery charge. Bail was again set and he was committed in default of bail to the State Board of Corrections to answer to the Superior Court.

Subsequently, a trial was held and the petitioner was convicted of robbery. At the trial, the evidence of his oral and written confessions was introduced over the objections of defense counsel that these statements were involuntary and could not properly be admitted. Petitioner's motion for a new trial was denied and a 15 year suspended sentence was imposed. Some time later, the petitioner violated his probation and the full 15 year sentence was reimposed. He has now finished serving his jail term but still remains on probation.

The petitioner then moved under Rule 35(a) [3] to have his sentence corrected as an illegal sentence. The Supreme Court of Delaware [4] denied this motion on the ground that he did not raise constitutional grounds for correction.

There are three issues presented by this case. First, did the delay between arrest and the Rule 5 hearing violate the Constitution and render the oral confession obtained during this period inadmissible as evidence against the petitioner? Second, did the return of the petitioner to police custody after the continuation of the Rule 5 hearing to enable him to retain counsel violate the petitioner's right to counsel and privilege against self-incrimination? Third, was the written confession given the police during this custody obtained in an unconstitutional manner and, therefore, inadmissible as evidence against the petitioner?

After careful consideration, I must deny the petition. Without in any way condoning the treatment accorded Priest, I, nevertheless, do not feel that the irregularities presented by these facts constituted error of constitutional proportions.

The cases seem to be solidly in accord to the effect that the McNabb-Mallory rule [5] has never been held to be a constitutional rule binding upon the States through the Fourteenth Amendment. Gallegos v. Nebraska, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86 (1951); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). This result has also been reached by several Circuit Court of Appeals including the Third Circuit. Van Ermen v. Burke, 398 F.2d 329 (7th Cir. 1968); United States ex rel. Richardson v. Vitek, 395 F.2d 478 (7th Cir. 1968) (inferentially); Ellis v. State, 282 F.Supp. 298 (D.N.J.1967), aff'd per curiam, 388 F.2d 988 (3rd Cir. 1968), cert. denied, 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397 (1968).

Moreover, there exists no evidence that the oral confession made during the period between arrest and 3:30 P.M. the same day was obtained involuntarily. I, therefore, conclude that no constitutional provision compels its exclusion.

I turn now to the second question, whether the written confession obtained subsequent to the return of the defendant to police custody pending the completion of the Rule 5 hearing constituted such an abuse of defendant's rights as to assume constitutional proportions. Concededly, the circumstances suggest an even more flagrant violation of Rule 5 than those existing under the first point. However, again bearing in mind that there is no direct federal authority requiring the exclusion on constitutional grounds of a statement obtained under circumstances constituting a violation of Rule 5, and no facts otherwise indicating that this confession was made involuntarily, I find no reason for

---

3. Superior Court Rules of Criminal Procedure.

4. Priest v. State, supra.

5. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

excluding the written confession. And this is particularly true in light of the fact that prior to his return to police custody, the Municipal Court Judge warned defendant as to his constitutional rights. As the Supreme Court of Delaware stated:

> "*After advising Priest of his constitutional rights,* the Municipal Court continued the preliminary hearing until February 8 to give Priest opportunity to obtain counsel. * * * He was returned forthwith to the police station for further interrogation and, at about 11:00 A.M., on January 30th, a written confession was taken from him on the robbery charge." 227 A.2d at 577. (Emphasis added.)

▇ Defendant argues with some merit that to continue the hearing for some days to permit him to retain and obtain the advice of counsel, and at the same time submit him to further and constant police interrogation prior to obtaining counsel, defeated the purpose of the continuance. But while the record does not disclose the exact nature of the warning given by the Municipal Court Judge, it is a fact that Rule 5 of the Code of Criminal Procedure requires that:

> "The committing Magistrate (in this case the Municipal Court Judge) shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary hearing. *He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him.*" (Emphasis added.)

The defendant does not complain that the warning was not given. I assume, as did the Delaware Supreme Court, that it was. Nor have I found a case which requires that a more extensive warning be given. The test to be applied on habeas corpus review of a confession which was obtained prior to the applicable date of *Miranda* [6] is voluntariness. Under the standards set forth in Culombe v. Connecticut, supra, I find that the written confession was voluntarily given in light of this warning.

For the reasons given, the Writ of Habeas Corpus will be denied.

6. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) only applies to cases in which the trial began after June 16, 1966.