THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS WILBUR, Defendant-Appellant.

(No. 72-1; )

Second District—November 27, 1972.

John Vogel, of Glen Ellyn, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Five indictments, each with two counts, were returned against the defendant: four charged the sale of and the possession of narcotic drug; the fifth charged the possession of a narcotic drug and possession of a hypodermic needle and syringe.

Following plea negotiations and after being thoroughly admonished by the court, defendant pled guilty to those counts charging the sale of a narcotic drug and to the charge of possession of a hypodermic needle and syringe. The balance of the charges were dismissed. The 18-year-old defendant was sentenced to a term of 10 to 20 years on each count charging the sale of a narcotic drug and 1 to 8 years on possession of a hypodermic needle and syringe, all sentences to run concurrently.

On appeal, defendant contends that the circumstances surrounding his arrest and prosecution violated the statute and spirit of the law and that the sentences imposed were excessive, cruel and unusual punishment.

On March 4, 1971, three indictments were returned charging that defendant, on three separate occasions during the month of September 1970, had sold and possessed heroin and cocaine. After arraignment, he was released on bond. While awaiting trial, he was charged in two additional indictments: in one, with the sale and possession of heroin, and in the other, with possession of heroin and a hypodermic needle and syringe. The later indictments arose from separate acts committed during April of 1971.

■■ Under defendant's first contention, it is argued that the State's "undercover agents," who participated in the sales, violated a certain section of the narcotic act. The section (Ill. Rev. Stat. 1969, ch. 38, sec. 22—40) provides that anyone who "solicits, endorses, encourages, or intimidates any person under 21 years of age with the intent that such person shall violate any provision of this Act shall be imprisoned in the penitentiary for any term from 2 years to 5 years." Defendant's counsel has failed to reveal how this section bears any relationship or relevancy

to the instant case; no factual substantiation of the claim was offered. Neither was this point raised in the trial court. Regardless, the purported "contention" was waived by the defendant when he voluntarily, understandingly and knowingly entered his pleas of guilty. *People v. Hart* (1972), 52 Ill.2d 235, 236.

■■ Defendant claims that the sentences were excessive, yet the record reflects that he knew, prior to his plea, that the sentences would be lengthy. The testimony of his privately retained attorney disclosed that both defendant and his mother were counselled on this very point; that after being so counselled, defendant was told he would have to reach his own independent decision on whether to accept the sentences contained in the terms of the plea bargain. The defendant admitted he accepted the terms in order to avoid a "higher sentence." This Court may consider reduction of sentences even when those sentences are founded upon agreement; however, the fact that it is a negotiated sentence is given weight in any request for reduction. *People v. Charles* (1971), 2 Ill.App.3d 452, 457.

■■ In determining whether the sentences in this case were excessive, we have considered the defendant's age and the fact that his only previous arrest was for reckless driving. However, we have also considered that he stands convicted of five serious offenses (two having occurred while released on bond awaiting trial), and that he knew the length of the sentences prior to his entry of the plea. Under these circumstances, we conclude that the sentences imposed were proper.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.