UNITED STATES of America,
Plaintiff-Appellee,

v.

Sam Lee FOWLER, Jr., Defendant-
Appellant.

No. 72–1042.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1972.

Decided April 4, 1973.

George R. Ripplinger, Jr., Belleville, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Frederick J. Hess, Asst. U. S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before KILEY and STEVENS, Circuit Judges, and KILKENNY,* Senior Circuit Judge.

KILEY, Circuit Judge.

Defendant Fowler, a sixteen year old boy, was committed to the custody of the United States Attorney General "during his minority" following a proceeding in which he was found delinquent because of his participation in the burglary of a United States post office.[1] He has appealed. We reverse.

---

* Senior Judge John F. Kilkenny of the Ninth Circuit, sitting by designation.

1. 18 U.S.C. §§ 2 and 2115.

Fowler was arrested as a suspect in the burglary of the post office in Colp, Illinois. Thereafter he was interrogated by a postal inspector in the Carbondale, Illinois police station. He orally confessed to his participation in the offense and subsequently joined two juvenile accomplices in a common affidavit admitting the offense.

As permitted by 18 U.S.C. § 5032,[2] Fowler consented to be prosecuted as a juvenile rather than an adult. The government then filed an information instead of an indictment charging him with the burglary offense. Fowler's pre-trial motion to suppress his confession was denied, and the confession and joint affidavit were introduced into evidence over objection at the subsequent bench trial. He was found to be "delinquent" and his commitment followed.

## I.

The first issue presented is whether Fowler was entitled to *Miranda* warnings before he confessed to his participation in the burglary.

The Supreme Court in a series of cases has departed from the Parens Patriae Doctrine which denied juveniles vital rights accorded their elders.[3] This is particularly true in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967), where the Court struck down the Arizona Juvenile Code as un-

constitutional. The Court found that the Code permitted the denial of due process to a fifteen year old during a juvenile delinquency proceeding because the Code deprived juveniles of the exercise of the rights to confrontation, cross-examination, appellate review and notice to the juvenile's parents of the right to counsel in the proceedings.[4] In finding that the juvenile was denied the privilege against self-incrimination, the Court said "[i]t would indeed be surprising if the privilege against self-incrimination were available to hardened criminals but not to children." *Id.*, at 47, 87 S.Ct. at 1454.

■ We hold therefore, by virtue of In re Gault, that Fowler had the right to *Miranda* warnings prior to confessing to his participation in the burglary.

## II.

The next issue raised is whether Fowler was adequately warned of his rights prior to interrogation as required by *Miranda*.

The evidence at the trial which implicated Fowler in the alleged burglary was the testimony of the postal inspector and the joint affidavit which read "we" confess.

The inspector's trial testimony shows that he did not tell Fowler, before the confession, that any answers he gave to questions could be used against him later in court.[5] And the joint affidavit omit-

---

2. § 5032. Proceeding against juvenile delinquent
   A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.
   In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation.

3. Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), and Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed. 2d 325 (1962), (in both cases juvenile's confession violated right to due process);

Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), (right to hearing on juvenile court's waiver of jurisdiction).

4. See this court's Geboy v. Gray, 471 F.2d 575 (7th Cir. 1973), written for the court by Judge Sprecher, where the right of a juvenile to counsel at a hearing on waiver of juvenile jurisdiction was sustained. *Id.*, at 6, 87 S.Ct. 1428.

5. Fowler was given the following warning by Barnes:
   I told him who I was and identified myself. I explained to him that I wanted to discuss a matter with him that I was investigating, but that it might or could involve a violation of the law; and because of that it was necessary for him to understand his constitutional rights.

ted to warn defendant that he had a right to an attorney before answering questions.[6] We think these deficiencies indicate that on neither occasion were the "full" *Miranda* warnings given defendant.

██ It might be argued that although both the oral and written warnings were each deficient, when considered together they were complementary so as to meet the requirements of *Miranda*. We reject the argument in this case, since we cannot see that either warning or both considered together were meaningful to Fowler.

When his confession was made Fowler was sixteen years of age. So far as the record shows he had not previously been arrested, had not previously been in jail, nor had he ever been interrogated by law enforcement officials. One need only recall his own adolescence to appreciate the impact upon this boy, alone in a jail room, in custody of a postal inspector, being warned of his constitutional rights. "That which would leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens [fifteen years old]." Haley v. Ohio, 332 U.S. 596, 599, 68 S.Ct. 302, 304, 92 L.Ed. 224 (1948). In these circumstances it is difficult to accept the notion that defendant fully comprehended what he was being told.

Fowler's father was sent for, and was present in the jail at some time while the joint confession was being prepared. He was not present, however, when the oral interrogation began so that Fowler could be helped in understanding the gravity of his answers to the postal inspector's questions. When the father was present, he did not ask for advice about, or any explanations of, his son's rights so that he could aid in his son's understanding of them. Seemingly unconcerned with his son's understanding of the seriousness of what he was doing in signing the affidavit, he encouraged his son to "tell the truth." His concern appeared to be mostly whether his son's trouble would prevent him from getting into the "Job Corps." What Fowler needed at the time was "counsel and support if he [was] not to become the victim first of fear, then of panic." *Id.*, at 600, 68 S.Ct. at 304. The father, however, did not fill this need.

██ We hold that the *Miranda* warnings as given Fowler were inadequate and that the admission of his confession and the affidavit into evidence requires reversal of the judgment.

The government's argument places reliance on two cases which do not militate against our holding. In West v. United States, 399 F.2d 467 (5th Cir. 1968), full *Miranda* warnings were given, and the record disclosed several circumstances indicating the juvenile's maturity and independence. Those circumstances are not present here. In the case of United States ex rel. Richardson v. Vitek, 395 F.2d 478 (7th Cir. 1968), the matter had been tried before In re Gault was decided. Moreover, this court's affirmance of the dismissal of the juvenile's habeas proceeding was based on the Illinois Supreme Court record and on the fact that both the Illinois and district courts reached the same conclusion that the juvenile had been advised of his right

---

I explained to him that he did not have to talk to me or answer any questions, if he chose not to do so and I explained to him that he had the right to the services of an attorney; and that if he could not afford an attorney, one could be appointed for him. I explained to him that if he answered questions, that he could refuse to answer any question or stop answering questions at any time. (H-5)

6. The joint affidavit read in pertinent part: We have been advised of our constitutional rights, that we do not have to make a statement, that anything we say can be used against us in court, that we have the right to an attorney and if we cannot afford an attorney, one can be appointed for us. We wish to make the following statement of our own free will without any threats or coercion used against us. We are making this statement so that the true facts can be known.

to remain silent, was able to inform his parents of his whereabouts, and his confession was "freely given."

In the recent Pennsylvania Supreme Court case, Commonwealth v. Porter, 449 Pa. 153, 295 A.2d 311 (1972) (two justices dissenting), the court decided that a sixteen year old boy's murder confession was not involuntary simply because his mother was not permitted to be present during the interrogation. A comparison of the facts of the instant case and those in *Porter* demonstrates that the two cases differ in significant respects. First, the *Porter* facts reveal that full *Miranda* warnings were given to the juvenile defendant with no question remaining as to right to counsel or to remain silent. Secondly, the *Porter* facts are similar to the *West* facts, because a showing of independence is evident. More precisely, the evidence in *Porter* indicated that the juvenile defendant did not want his mother to be present during his interrogation. The facts of the present case, however, are void of any showing of independence.

▇ We limit our holding—that the district court committed constitutional error in admitting Fowler's confession and the affidavit—to the facts in this case. We need not hold that a juvenile's confession, or that absence of an attorney for a juvenile at interrogation, per se renders the confession involuntary. *But see* Gallegos v. Colorado, 370 U.S. 49, 54, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), and Lewis v. State, 288 N.E. 2d 138 (Ind., 1972). Neither do we consider the governments' argument that Fowler was competent to waive his constitutional rights.

For the reasons given, the judgment is reversed.

KILKENNY, Senior Circuit Judge (dissenting):

Assuming, *arguendo*, that *Miranda* warnings are required,* nevertheless, the judgment of the lower court should be af-

firmed. There is nothing in the record to indicate that appellant had less than the normal intelligence of an average sixteen year old boy. Since *Miranda* does not require ". . . a ritual of words to be recited by rote according to didactic niceties", Coyote v. United States, 380 F.2d 305, 308 (C.A.10 1967), I would hold that the oral and written warnings, when read together, fully comply with the *Miranda* requirements. United States v. Hilliker, 436 F.2d 101 (C.A.9 1970), cert. denied 401 U.S. 958, 91 S.Ct. 987, 28 L.Ed.2d 242 (1971), is closely in point and supports this view.

I would affirm.

---

* I have grave doubts as to the validity of the assumption.