THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KENNETH POHLMANN, Defendant-Appellee.

(No. 11828; ▮▮▮▮▮▮▮▮▮▮

Fourth District—August 13, 1973.

Paul R. Welch, State's Attorney, of Bloomington, (John A. Beyer, Assistant State's Attorney, of counsel,) for the People.

Harold M. Jennings, of Bloomington, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal by the State under Illinois Revised Statutes 1971, chapter 110A, paragraph 604(a)(1) from an order suppressing evidence allegedly illegally seized.

The defendant, Kenneth Pohlmann, was indicted for the break-in of the University High School at Normal, Illinois, which took place on January 31, 1971. Count I of the indictment charged defendant with burglary, and Count II charged him with theft over $150. Among the items taken were a video monitor, recorder, camera ensemble, view finder and lense. Ralph Warsaw, a codefendant, was also indicted on the same charges, pleaded guilty, and was subsequently given probation.

The search that gave rise to this appeal took place on the campus of Western Illinois University at Macomb where Ralph Warsaw was a student. The search was conducted by the Western Illinois University Security Police in March 1971. The security police picked up Warsaw's car because its parking sticker was on the university's tow list due to its excessive parking violation. In order for the officer to tow the automobile, it was necessary for him to enter the vehicle and secure the steering wheel. Before gaining access to said vehicle, the police officer noticed the blade of a knife protruding from under the front seat of the car. Once the car was impounded, the knife, a .32 caliber automatic pistol, and a .22 caliber pistol were removed from under the seat. The police officers then entered the trunk of the Warsaw vehicle and found a television set. The search and seizure of the item found in the trunk was not pursuant to a warrant. Moreover the parties to this appeal stipulated that the search was not consented to by Ralph Warsaw or by his father, the owner of the vehicle. When confronted with the television set, Warsaw initially contrived a story concerning how he acquired possession of the item. He eventually confessed to the January 31 burglary and theft of

the TV monitor from University High School. In his confession he implicated the defendant. At that time defendant was a student at the University of Illinois in Champaign-Urbana.

After defendant was arraigned and entered a plea of not guilty to the charges brought against him, he moved to suppress all evidence resulting from the allegedly illegal search of the Warsaw automobile. The State moved to strike defendant's motion to suppress for lack of standing and the court took the matter under advisement. On January 5, 1972, an order allowing defendant's motion to suppress was entered. Defendant then presented another motion to suppress the testimony of Ralph Warsaw as the fruits of an illegal search. This motion was also granted. The State appealed as to each of these orders.

The State submits that there are three issues for this court to consider on appeal. We find it necessary to take cognizance of but one of these issues, that is, did the defendant have standing to make a motion to suppress?

In their briefs, both parties extensively discussed *People v. De Filippis*, 34 Ill.2d 129, 214 N.E.2d 897 and its application. Defendant contends that *De Filippis* is dispositive. However, we find that *People v. McNeil*, 43 Ill.2d 187, 290 N.E.2d 602, governs this case.

In the *McNeil* case our supreme court discussed the problem of standing to suppress and many of the major United States Supreme Court cases dealing with the subject—including *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, and *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. The court noted that there is a recognizable distinction between an unreasonable search and seizure and the problems of the admission of the fruits thereof.

The court stated that:

> "In the light of both *Alderman* and *Jones*, and the rationale of the dissent in *De Filippis*, we adhere to the rule requiring a defendant to establish the manner in which his constitutional rights have been violated before permitting him to challenge the validity of the search and seizure. We find that *Jones* compels no deviation from this rule and that *Alderman* requires its observance. Accordingly, any language in *People v. De Filippis* (1965), 34 Ill.2d 129, to the contrary is hereby overruled, and again our views in this evidentiary area stand in accord with Federal decisions." 53 Ill.2d 187, 192, 290 N.E.2d 602.

In *Alderman v. United States*, the Supreme Court stated that standing to suppress evidence obtained as a result of a violation of the fourth amendment exists only when one can show that his constitutional rights were violated by the search and seizure, and "not by those who are

aggrieved solely by the introduction of damaging evidence. Co-conspirators and co-defendants have been accorded no such standing." 394 U.S. 165, 172.

■■ In *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, the Supreme Court noted that the fourth amendment protects individuals and their reasonable expectation of privacy. In *Mancusi v. DeForte*, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154, the court accentuated this rule by holding that a union official had standing to challenge the search of a large office shared by several other persons on the grounds that under the circumstances the defendant had a "reasonable expectation of freedom from governmental intrusion."

The viability of the *Mancusi* doctrine was reaffirmed by the United State Supreme Court in *Combs. v. United States*, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308, 311, when the Court remanded for further findings by the district court to "determine whether petitioner had an interest in connection with the searched premises that gave rise to a "reasonable expectation [on his part] of freedom from governmental intrusion' upon those premises. [Citations omitted.]"

■■ This court in *People v. Nunn*, 7 Ill.App.3d 601, 288 N.E.2d 88, discussed the problem of what constituted a reasonable expectation of privacy as laid out in the just-mentioned United States Supreme Court cases. We concluded that questions of consent, agency and property interest were secondary to the ultimate issue of whether an individual had a reasonable expectation of privacy. The critical question in this case at bar is whether defendant had a reasonable expectation of privacy in the integrity of the trunk of the car searched. We find that he did not.

■■ Defendant did not own, or for that matter, have a right of access to the automobile in question. It was located in a community over 100 miles away from defendant's residence. The TV monitor was placed in the trunk of the car and it could be removed at any time by any person who had access thereto. We hold that under the circumstances defendant could not have a reasonable expectation of privacy and thus no constitutional rights were violated. Defendant had no standing to assert such in the motion to suppress.

With the determination of the threshhold issue of standing, this court need not consider the other issues raised. The trial court was in error in granting defendant's motion to suppress and its order is reversed and this cause is remanded for further proceedings.

Judgment reversed and cause remanded.

TRAPP and SMITH, JJ., concur.