THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID L. HAWKINS, Defendant-Appellant.

(No. 11846;

Fourth District—October 4, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago, for appellant.

Richard G. Norris, State's Attorney, of Jacksonville, (John A. Beyer, Circuit Attorney Project, of Bloomington, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was indicted upon counts charging murder (Ill. Rev. Stat. 1971, ch. 38, par. 9—1—(a) (1)); murder while committing armed robbery (par. 9—1—(a) (3)) and armed robbery (par. 18—2.) He appeals from his conviction upon a negotiated plea of guilty to the felony murder. A sentence of 35 to 95 years was imposed as agreed in the plea negotiations.

The argument is made that the record does not affirmatively show that defendant had competent counsel, because there is no showing in the record that counsel suggested and evaluated all possible defenses that might be made. It is not asserted or contended that such were not, in fact, discussed or evaluated. In effect, defendant now argues that a new and additional requirement be made a part of Supreme Court Rule 402 and require incorporation into the record of the fact that counsel had pointed out possible defenses.

This Court is without authority to modify or enlarge Supreme Court Rule 402. Upon the record the argument presents no reviewable issues.

The record shows that the court gave detailed admonitions within the terms of Supreme Court Rule 402 prior to taking the plea. There is neither allegation of incompetence of counsel nor allegation of prejudice from appointed counsel's advice in entering the plea.

As a factual basis for the plea in the record, the State's Attorney stated facts to which competent witnesses would testify. In sum, such facts included identification of the weapon used and the means by which it was discovered, and defendant's statements as to his participation in the robbery and shooting made by him to persons other than police officers. No challenge of such facts was made.

The record shows that before the plea was made, trial counsel had procured a substitution of judges, argued a motion for change of place of trial, raised the issue of defendant's competency and procured an examination which showed him to be competent, moved for and procured broad discovery as to witnesses and physical evidence, argued a motion to quash the warrant for search of an automobile identified with the offense, and to suppress incriminating statements made by defendant to persons other than police officers.

A specific defense argued asserts that the plea was entered before the trial court ruled on the motion to quash the search warrant. The record does not sustain this contention. A letter from the judge reporting that the motion was overruled bears a file mark of the date on which the plea was entered. Trial counsel was permitted to argue the motion to quash without introducing evidence in support of his motion. The record shows that defendant had no standing as an aggrieved person to move

to quash the search warrant for the reason that the auto searched belonged to the co-defendant and defendant was not present at the time of the search. (Ill. Rev. Stat. 1969, ch. 38, par. 114—12.) *People v. McNeil*, 53 Ill.2d 187, 290 N.E.2d 602 and *People v. Pohlmann*, 13 Ill. App.3d 779, 300 N.E.2d 302. See also *Brown v. United States*, (U.S.) 36 L.Ed.2d 208, (93 S.Ct.).

■■ It is also argued that the record should show that defendant had been advised of his possible defense of intoxication from alcohol and sniffing heroin. The argument ignores the law that intent is not an element of armed robbery. (*People v. Whelan*, 132 Ill.App.2d 2, 267 N.E.2d 364 and *People v. Berlin*, 132 Ill.App.2d 697, 270 N.E.2d 461.) Where murder is committed during an armed robbery, the absence of intent because of intoxication is not a defense. (*People v. Connolly*, 33 Ill.2d 128, 210 N.E.2d 523; *People v. Thomas*, 127 Ill.App.2d 134, 262 N.E.2d 233.) We conclude that any advice to rely upon such possible defense would suggest incompetent counsel.

Despite the fact that no claim of any meritorious defense is now made, defendant would have us say that the rule of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, requires that the record show that defendant was advised of, examined and discarded unnamed possible defenses. The argument would require modification and an enlargement of *Boykin*. That case holds that an intelligent plea is one made with full understanding of what the plea connotes and its consequences. A plea connotes a conviction upon defendant's waiver of his privilege against self-incrimination accompanied by a waiver of jury trial and the right to confront witnesses. There must be a full understanding of the nature of the charges against him. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, at p. 756, footnote 7. In *Brady*, however, the court said:

> "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."

■■ In *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160, defendant persisted in his plea of guilty but continued to protest his innocence. Counsel had advised a plea of guilty because of the strong evidence of guilt which could be presented. Such evidence being shown as a factual basis, it was proper to accept the plea. In *McMann v. Richardson*, 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441, defendant Dash

asserted that his confession was coerced but that, nevertheless, his counsel advised a guilty plea, and Richardson asserted ineffective counsel, who disregarding his alibi defense and alleged coerced confession, caused him to plead guilty to an offense which he did not commit. In holding that a hearing in *habeas corpus* was not required, the court said:

> "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. * * * That this court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty * * *. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases."

We conclude that this record shows that trial counsel took all diligent steps to ascertain the value of defendant's case.

Defendant seeks to argue an analogy to *Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. That case essentially concerns the matter of a defendant's right to counsel at the level of appeal and is not persuasive upon the issues argued here.

■■ Defendant contends that the sentence is excessive. The sentence imposed was negotiated within the framework of a ruthless shooting as well as the dismissal of other charges. (*People v. Wilbur,* 8 Ill.App.3d 655, 290 N.E.2d 17.) The penalty is not so manifestly excessive as to be a great departure from the spirit of the fundamental law. *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.