(No. 6136–)

JOHN T. THOMAS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 21, 1980.*

*Order on petition for reconsideration filed May 27, 1980.*
*Order on petition for reconsideration filed August 22, 1980.*

GOMRIC AND STRELLIS (JACK A. STRELLIS, of counsel), for Claimant.

HOLDERMAN, J.

Complainant seeks recovery for time "unjustly served in prison" under the provisions of Ill. Rev. Stat. 1969, ch. 37, par. 439.8(c). That section provided as follows:

"The Court shall have exclusive jurisdiction to hear and to determine the following matters:

(c) All claims against the State for time unjustly served in prisons of the State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of any of the following amounts: for imprisonment of five years or less, not more than $15,000.00 ° ° ° and provided further, the Court shall fix attorney fees not to exceed twenty-five percent (25%) of the award granted."

The events in this case were in the following sequence:

On January 4, 1968, Claimant was indicted by a grand jury in Cook County on 3 counts of murder. At the close of the case 2 counts were dismissed and the only count remaining was "felony murder". The gist of this charge was that one John S. Benson was shot and killed by a companion of Claimant while the two of them were

attempting a robbery. He was found guilty and on February 16, 1968, was sentenced to a term of not less than 20 nor more than 40 years.

The Claimant appealed and on June 26, 1970, the Appellate Court reversed without remand.

On August 14, 1970, after 34 months confinement, Claimant was released.

Thereafter, on May 14, 1971, he filed his claim before this Court and a hearing was held before the Commissioner on May 4, 1972.

The difficulty comes in interpreting the effect of an amendment to Ill. Rev. Stat. 1969, ch. 37, par. 439.8(c) which was effective on October 1, 1972, after the hearing herein but before final disposition. The section as amended provides:

"(c) All claims against the State for time unjustly served in prison of this State where the persons imprisoned shall receive a pardon from the Governor stating such pardon is issued on the grounds of innocence of the crime for which they were imprisoned."

In the instant case, no pardon was applied for. The State argues that the amended act should be applied retroactively. We have held to the contrary. *Harpstreith v. State*, 30 Ill. Ct. Cl. 546. There we held that since the statute made no reference to applying retroactively (as was the case in the Court of Claims Act of New York) we would not do so.

The State refers to *McCray v. State*, 73 Ill. Ct. Cl. 64, and *Dillard v. State*, 73 Ill. Ct. Cl. 65. In these 2 cases, the amendment to section 8(c) of the Court of Claims Act became effective before the claims were filed here. Even so, we did not dismiss the cases but continued them generally to give the Claimants time to ask for a pardon.

Further we have the case of *Hammond v. State*, No.

5894, June 16, 1977, where the facts were similar to this case now before us. There we held that the claim was "to be decided under provisions of Section 8 of the Court of Claims Act as in effect prior to its amendment by Public Act 77-2089 effective October 1, 1972."

We therefore deny the motion of Respondent to dismiss and hold that the prior act before amendment controls here, under the sequence of facts we have listed above.

The testimony of the witnesses is set forth in *People v. Thomas*, 127 Ill. App. 2d 134, 262 N.E. 2d 233. Thomas and Robinson entered a tavern and Robinson fired the shot that resulted in a murder. However, the Court pointed out that there was no evidence of an attempt to commit a robbery and since the underlying crime was not proved, a conviction of felony murder was not warranted. The Claimant maintained throughout, and it was uncontradicted, that no communication of any robbery was ever made by the 2 men; that Robinson just walked up and shot the victim while the Claimant stood at the doorway. They entered the store solely for the purpose of purchasing some beer according to Thomas. He testified that he had no idea that Robinson was going to fire a shot. The Appellate Court agreed that the testimony favored his testimony.

The facts are sufficient to warrant an award.

We enter an award of $10,000.00 to Claimant and allow in addition the sum of $2,000.00 for attorney fees.

ORDER ON PETITION FOR RECONSIDERATION

HOLDERMAN, J.

This matter comes before the Court upon Respon-

dent's petition for reconsideration of order granting award and the Claimant's reply to said petition.

Respondent's petition states that Claimant, at the time of the hearing, had not secured a pardon from the Governor as was necessary. The file in the possession of the Court contains a copy of the pardon that was issued to Claimant on the 16th day of December 1977. The Court believes, in the interest of justice, it should not order a new hearing to introduce the pardon but should rely upon the pardon and hereby overrules that part of Respondent's petition for reconsideration dealing with said pardon.

The Respondent's petition also states that the Court shall fix attorney fees, not award attorney fees, and that said fees shall be fixed as a percentage of the award granted.

It is hereby ordered:

That the Court's previous order of March 21, 1980, granting Claimant an award in the amount of $10,000.00 is reaffirmed and Claimant's claim for attorney fees heretofore granted is now denied.

## ORDER ON PETITION FOR RECONSIDERATION

HOLDERMAN, J.

This matter comes before the Court upon Claimant's petition for reconsideration of order of May 27, 1980.

This Court, upon review of the file in this matter, enters an award in the amount of $12,000.00 and fixes attorney fees in the amount of $2,000.00.