THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEWART HALE, Defendant-Appellant.

Fourth District   No. 15601

Opinion filed January 8, 1980.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, and Nancy Porter, law student, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Marc D. Towler and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Macon County, defendant Stewart Hale was convicted on March 12, 1979, of the October 4, 1978, robbery of James L. Miller. On April 23, 1979, he was sentenced to 4 years' imprisonment. He appeals contending that (1) denial of his motion to suppress his confession was error, (2) the evidence of threat was

insufficient to support a conviction of robbery, and (3) his sentence was excessive.

The State's evidence on the motion to suppress showed that defendant was arrested shortly after midnight on October 6, 1978, by Officer Davis of the Decatur Police Department who transported him to police headquarters and advised him of his *Miranda* rights. After defendant waived those rights he was then interrogated by Davis until about 1:16 a.m., when he was sent to a jail cell. During this time he denied committing the offense. Officer Mickler of the same police department testified that at about 5:23 a.m. the same day he began interrogating defendant after also explaining to him his *Miranda* rights. Mickler testified that defendant had stated that he and Ron Oglesby had robbed the victim of $70. The officer was asked if he "did in any way physically abuse, coerce or threaten" the defendant. The officer answered, "No, Sir, I did not." Defendant then testified that he did make the confession but it was not true and that he confessed because Mickler had told him, "I was not going to be able to get out of here until I did confess."

During arguments on the motion, defense counsel stressed that the State did not recall Officer Mickler to rebut defendant's statement as to what Mickler had told him. The prosecutor then asked leave to reopen to recall Mickler in rebuttal. The trial court denied the request stating that recall would be unnecessary because the evidence did not support a finding that the statement was made and even if it was, such a statement would not make the confession involuntary.

■■ The trial court's ruling on the motion to suppress should not be set aside for lack of proof unless it was contrary to the manifest weight of the evidence presented at the suppression hearing. (*People v. Pittman* (1973), 55 Ill. 2d 39, 302 N.E.2d 7.) As we consider the trial court's conclusion that Mickler did not make the statement attributed to him by defendant to not be contrary to the manifest weight of the evidence, we need not consider what the effect of the statement might have been had it been made. Although Mickler did not specifically deny the statement, his giving the statement would have been contrary to his testimony that he did not "physically abuse, coerce or threaten" defendant. The adverb "physically" modified only the verb "abuse." In *People v. Malcom* (1973), 14 Ill. App. 3d 378, 382, 302 N.E.2d 352, 356, officers' general testimony that they used neither undue influence nor mental or physical coercion to obtain a confession from an accused was held to be sufficient to negate the accused's specific testimony that an officer obtaining a confession had stated that the accused needed a " 'whooping' " and that he would be treated more leniently if he confessed. That court emphasized that the defense could have cross-examined the officer as to the statement if it had wished to do so. Here, the defense could also have cross-examined

Mickler about the specific statement attributed to him by defendant but did not choose to do so.

The trial court did not err in denying the motion to suppress.

In addition to defendant's confession, the direct evidence of the offense consisted of the testimony of the victim and Ron Oglesby, the accomplice. The victim, who was blind, testified to having been lying on his bed listening to a radio when two boys walked into his room. One of them said, "give me your billfold." The victim testified that he thought they were playing a joke and asked them what they wanted when suddenly he realized they were serious. He stated that he then tried to hide his billfold under the covers, but one of the boys reached down and took it out of his hands. He also stated that as the boys left the room one of them asked if they should kill the victim and the other responded that they should not. Oglesby testified that he and defendant entered the house by an open door with defendant carrying a small toy gun. Oglesby further stated that he cut the telephone cord and that both he and defendant reached for the billfold. Officer Mickler and another officer testified that defendant admitted to them that while asking for money, he clicked the toy gun but did not know if the victim heard it.

■■ The offense of robbery involves the taking of property "from the person or presence of another by the use of force or by threatening the imminent use of force" (Ill. Rev. Stat. 1977, ch. 38, par. 18—1(a).) Defendant asserts that neither force nor the threat of force was proved here. He cites *People v. Patterson* (1972), 52 Ill. 2d 421, 288 N.E.2d 403; *People v. Ryan* (1909), 239 Ill. 410, 88 N.E. 170; and *Hall v. People* (1898), 171 Ill. 540. Each of the cases deals with the question of whether force was actually used. Even assuming the evidence of use of force to be insufficient here because of lack of showing of violence to the victim or struggle by him, we deem the evidence sufficient to show a threat of force. The culprits made a demand upon a blind person lying on a bed. In *People v. Whitley* (1974), 18 Ill. App. 3d 995, 311 N.E.2d 282, the court stated that the threat may be implied from the circumstances although not expressly made. That court stated the requirement to be met if the situation was such that a person would be likely to be induced to part with the property for the sake of his person. Here, the blind victim was shown to be elderly, disabled by blindness and "shook up" by the episode. He started to try to keep the billfold. If he then gave it up without a sufficient struggle for the taking to have been forceful, it was obviously because he feared the consequences if he did not do so.

■■ Defendant's assertion that his sentence was excessive is based upon (1) his being barely 17 years old without having been previously convicted of a crime, and (2) the much lighter treatment given his 15-year-old accomplice, Oglesby.

Defendant had failed to appear for trial. He was shown to be a high school dropout with a poor work record. The probation officer recommended denial of probation. The trial court expressed an opinion that it did not think that the defendant could abide by the terms of probation. In view of the reprehensible nature of the offense of robbing an elderly helpless blind person and other attributes of the defendant, we can appreciate the trial court's concern about the likelihood of the defendant performing well on probation. However, in view of the defendant's age and lack of either a prior criminal conviction or juvenile adjudication, we deem the presumption of validity of the greater than minimum sentence to have been overcome. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1; *People v. Cox* (1979), 77 Ill. App. 3d 59, 346 N.E.2d 59, leave to appeal filed, No. 52793.

Although it is difficult to equate punishment given an adult criminal to a juvenile disposition made as to a juvenile accomplice to the same crime, it is noteworthy that the only sanction imposed upon Oglesby, the 15-year-old accomplice, was to place him upon juvenile probation and require him to spend a weekend in jail. Even considering the many reasons for treating the two differently, the great disparity between the sanctions imposed upon the two is further reason for us to find the propriety of the sentence to have been rebutted.

Accordingly, we affirm the conviction and remand the case for resentencing, directing the trial court to consider (1) a lesser term of imprisonment, (2) periodic imprisonment, or (3) probation conditioned upon a sentence of imprisonment or periodic imprisonment.

Affirmed in part; reversed in part; remanded.

MILLS, P. J., and CRAVEN, J., concur.